No. 25529
No. 25699

The City Council of the City of Greenwood Village, Arapahoe County, Colorado; Albert Hrubetz, Charles S. Harrison and Enid Howard, on behalf of themselves and others similarly situated v. The Board of Directors of South Suburban Metropolitan Recreation and Park District, County of Arapahoe, State of Colorado

(509 P.2d 317)

Decided April 30, 1973.

R. Val Hoyt, Raymond J. Connell, for petitioners-appellees.

McMartin and Burke, Arthur W. Burke, Jr., for respondent-appellant.

MR. JUSTICE DAY delivered the opinion of the Court.

This appeal was given two docket numbers, but only one action is involved. The appeal in case No. 25529 attacks the constitutionality of and the application by the court of 1965 Perm. Supp., C.R.S. 1963, 89-16-3 plus amendments to subsection 89-16-3(1)(e) and additional requirements in a new subsection (2)(a) to (d) inclusive passed in 1967. The questioned sections pertain to a procedure for the exclusion of a municipality from a special service district — in this case the South Suburban Metropolitan Recreation and Park District (South Suburban). Case No. 25699 will be discussed under III below.

Petitioner-appellee Greenwood Village instituted proceedings in the Arapahoe County district court and obtained an order excluding territory in the western portion of the city from South Suburban, which appeals from that ruling.

The questioned statute provides *inter alia:*

"89-16-3. *Conditions necessary for exclusion.* — (1)(a) The court shall order the territory described in the petition excluded from the special district if the following conditions are met by the parties to the proceedings:

"(b) The municipality provides, at the time the petition is filed, essentially the same service as is provided by the district.

"(c) The governing body of the municipality agrees, by resolution, to provide the service provided by the special district to the area described in the petition within one year from the effective date of the exclusion order.

"(d) The quality of the service to be provided by the municipality will not be lower than the service provided by the district in the territory described in the petition for exclusion. The quality of service shall be a question of fact, and the court's determination shall not be overruled unless clearly arbitrary and capricious."

South Suburban argues the unconstitutionality of the

statute as well as noncompliance with the requisites of the statute. We disagree and affirm the trial court's exclusion.

## I.

■ Appellant's first argument is that Article 16 of Chapter 89 is unconstitutionally vague and confers arbitrary and unlimited power on the trial court. The argument is without substance. The statute involved provides a specific statutory procedure for the exclusion of territory from a special service district. It sets forth conditions which petitioning municipality must meet and which the trial court must find have been complied with in order to obtain exclusion from a district. It is difficult to conceive how more precise conditions precedent could be set out in a statute dealing with service districts.

## II.

■ The second contention of the appellant is that the requisite conditions were not met by Greenwood Village and the court's findings that Greenwood Village at the time the petition was filed was providing essentially the same services as those of South Suburban are not supported by the record. This argument hinges on the interpretation of what is meant in the statute by the condition that the "municipality must *provide*" or agree to *provide* essentially the same service as South Suburban. South Suburban contends that Greenwood Village is not providing the services but has contracted with others to provide the services, and that the contracts are subject to being terminated. We hold the trial court was correct in finding *inter alia:*

"* * * [I]t is common practice for a municipality or other governmental body to purchase services and that the statute does not require that the City itself do the furnishing of the services; it merely says it shall provide them. And if a city council chooses to provide them in the way it has here, it has the right to do so. * * *"

Some of the services furnished by South Suburban were contracted for in like manner and from the same entities.

■ We hold also that the record shows Greenwood Village complied with the requisite conditions to agree by

resolution to provide the services provided by South Suburban within one year from the effective date of the exclusion order and that the quality of the service to be provided will not be lower than that provided by South Suburban.

### III.

While appeal was pending on the trial court's judgment excluding Greenwood Village from South Suburban, an issue concerning the status of some of the territory excluded was separately raised in a petition for a new trial on the ground of newly discovered evidence. The motion was prompted by our decision in *Johnston v. City Council of Greenwood Village,* 177 Colo. 223, 493 P.2d 651. In *Johnston* we held that the findings in the City Council hearings on annexation of certain territory to Greenwood Village were deficient, and we remanded the cause to City Council for further proceedings. The territory sought to be annexed is much of the same territory ordered excluded. South Suburban claimed that, with the status of the territory in doubt and with the legality of the annexation proceedings being challenged in the courts and still pending on appeal, Greenwood Village could not legally petition to exclude the territory from South Suburban. The trial court denied the motion and reaffirmed the exclusion order.

Our decision in *City of Westminster v. District Court,* 167 Colo. 263, 447 P.2d 537, is dispositive of the issue. In *Westminster* we upheld 1965 Perm. Supp., C.R.S. 1963, 139-21-16(1) as a proper exercise of legislative authority to establish the status of disputed annexed territory pending judicial review. By that decision, and pursuant to statute, the disputed territory in the instant case remains in Greenwood Village subject to city taxes and assessments and entitled to all city services, including recreation facilities. In this circumstance the residents of the excluded territory are not members of South Suburban. If, however, the annexation is later held to be deficient and therefore void, the acts of the City of Greenwood Village can have no further effect on the territory and it will be within and entitled to membership in South Suburban district.

The judgment is affirmed subject to the contingency of later deannexation.

MR. JUSTICE KELLEY does not participate.