## No. C-758

**In Re the Organization of the Northern Chaffee County Fire Protection District, Chaffee County, Colorado: Town of Buena Vista, a municipal corporation v. The Northern Chaffee County Fire Protection District, Chaffee County, Colorado**

(544 P.2d 637)

Decided December 15, 1975.                    Rehearing denied February 2, 1976.

Cosgriff, Dunn, French & Seavy, Peter Cosgriff, for petitioner.

Feldhamer, Plotz & Eskwith, P.C., Carl Feldhamer, for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

■ This appeal was transferred from the Court of Appeals prior to consideration there. Appellant is the Town of Buena Vista (the town) contending the trial court erred in dismissing its petition for exclusion from the newly formed Northern Chaffee County Fire Protection District (the district). We reverse and remand to the trial court with an order that the petition be granted.

The district in question sought, in its formative stages, territorial boundaries to encompass the northern one-half of Chaffee County, including the entire town of Buena Vista. After an election was held, the district court entered an order creating the district. Seven days thereafter, the town petitioned for exclusion pursuant to part 3 of article 1 of title 32, C.R.S. 1973.

The district filed a motion to dismiss, upon which the trial court held a hearing and determined that the above provisions did indeed apply. The Court ruled that the law's purpose was to cover". . . situations of the nature presented here to the Court where the entire territory of the municipality is included in the formation of a new special district."

Upon trial of the issues on the merits, the court found that the town had complied with all of the statutory prerequisites for exclusion. The court specifically found that: (1) the petition for exclusion was procedurally in order, and (2) all of the statutory "conditions necessary for exclusion" as set forth in section 32-1-304, C.R.S. 1973 had been met — including the town's agreement to provide a quality of service equal to that of the district.

The court, however, inexplicably granted the fire district's motion to dismiss, stating:

". . . that it is in the best interests of all the parties to this proceeding that the Court reconsider the Motion to Dismiss and grant the same as, by taking such a course of action, a speedy disposition of the issues presented by the Petition for Exclusion, can be obtained by proper appellate review."

■ The trial judge's factual determinations are amply supported by the record. The judgment of dismissal, however, is incongruous. The duty of the trial court is to *render judgments* which flow naturally from a de-

termination of the facts and the applicable law. The purpose of an appellate court is to *review* judgments, not to make them for the trial court.

The district has cross-appealed contending that the town has no standing to petition for exclusion. It would have us interpret the statute to apply only to municipalities which become part of a district by process of annexation.

■ Prior to the 1967 amendment.[1] this appears to be what the law provided. However, as the trial court correctly concluded in the denial of the original motion to dismiss, the amended provisions allow a municipality to petition for exclusion from a special service district regardless of whether annexation has caused the duplication of services. Section 32-1-301, C.R.S. 1973 states:

"The general assembly hereby declares that the purpose of this part 3 is to facilitate the elimination of the overlapping of services provided by local governments and the double taxation which may occur because of annexation *or otherwise*, when all or part of the territory lies within the boundaries of both a municipality and a special district." (Emphasis added.)

■ The entire purpose of the exclusion provisions — to eliminate the overlapping of services and double taxation — would be totally frustrated if Buena Vista were not allowed to petition for exclusion from the district. The statute provides no other remedy by which a town can avoid the necessity of paying for services which it already provides.[2]

■ We further note that the constitutionality of the exclusion statute has been upheld in *Greenwood Village v. South Suburban Metropolitan Recreation and Park District,* 181 Colo. 334, 509 P.2d 317 (1973).

The district's other assertions of error on cross-appeal do not merit discussion.

Judgment is reversed and the cause remanded with directions that the petition for exclusion be granted.

---

[1] Colo. Sess. Laws 1967, ch. 428, 89-16-2 at 958 and 89-16-9 at 960; now sections 32-1-303 and 32-1-301, C.R.S. 1973, respectively.
[2] We note that the automatic exclusion procedure for home-rule municipalities provided by section 32-5-307(7), C.R.S. 1973 is not available to the town.