554 P.2d 714 (1976)
CITY AND COUNTY OF DENVER, a Municipal Corporation, et al., Petitioners-Appellees,
v.
The BOARD OF DIRECTORS OF the BANCROFT FIRE PROTECTION DISTRICT et al., Respondents-Appellants.
No. 75-125.
Colorado Court of Appeals, Div. III.
June 14, 1976.
Rehearing Denied July 15, 1976.
*715 Max P. Zall, City Atty., Herman J. Atencio, Asst. City Atty., David J. Hahn, Special Counsel, Denver, for petitioners-appellees.
Calkins, Kramer, Grimshaw & Harring, Richard L. Harring, John H. Lonnquist, Jr., Denver, for respondents-appellants.
Selected for Official Publication.
SMITH, Judge.
The Board of Directors of the Bancroft Fire Protection District et al., the appellants *716 here, appeal an order of the district court excluding certain territory from the Bancroft Fire Protection District. They contend: (1) That Denver's petition for exclusion should have been dismissed for failure to comply with the administrative procedures of § 32-5-323, C.R.S.1973; (2) that the petition for exclusion should have been dismissed because some of the annexations by Denver which gave rise to the petition had been declared void by the courts; (3) that Denver's failure to prove that it could and would provide services of equal quality to the areas in question mandated denial of the petition; and, (4) that the order of exclusion should be modified because the legal descriptions contained within it were admittedly inaccurate. We affirm the order but remand for modification of the descriptions.

I.
Denver filed its petition for exclusion under § 32-1-303, C.R.S.1973, which provides, inter alia, that such petitions may be filed in the district court by the governing body of any municipality whose corporate limits embrace land within a special district. This procedure is "in addition to" other means set forth in Title 32 by which the exclusion may be accomplished. Section 32-1-309, C.R.S.1973. In the event of a conflict between § 32-1-303, C.R.S. 1973, and other exclusion provisions, § 32-1-303, C.R.S.1973, is controlling. Section 32-1-307, C.R.S.1973.
Bancroft contends that the words "in addition to" should be construed to require Denver to initiate a petition for exclusion pursuant to § 32-5-323, C.R.S. 1973, before proceeding under § 32-1-303, C.R.S.1973. The former section authorizes the owners of not less than fifteen percent of any real property which constitutes a contiguous and compact portion of territory annexed by a city and which is within the boundaries of the special district to file a petition for exclusion with the board of directors of the special district. This section does not provide the city of Denver with standing to file such a petition. See City & County of Denver v. Miller, 151 Colo. 444, 379 P.2d 169. The apparent thrust of Bancroft's argument is that Denver must circulate amoung the owners of the territory in question a petition for exclusion for the owners to submit to Bancroft's board of directors. It contends that only in the event that the board decides not to exclude the territory does § 32-1-303, C.R.S.1973, authorize Denver to file its own petition for exclusion. We find no reasonable basis in the statute for this interpretation.
Section 32-1-303, C.R.S.1973, is a remedial statute intended to facilitate the elimination of the overlapping of services provided by local governments and the double taxation which may occur because of annexation, when all or part of the annexed territory also lies within a special improvement district. Section 32-1-301, C.R.S.1973. Hence, it should be liberally construed so as to accomplish that purpose. Colorado & Southern Ry. Co. v. State R.R. Commission, 54 Colo. 64, 129 P. 506. Section 32-1-309, C.R.S.1973, defining the applicability of § 32-1-303, C.R.S.1973, should be construed in the same manner.
The construction of § 32-1-309, C.R.S. 1973, urged by Bancroft does not facilitate the legislative purpose of § 32-1-303, C.R. S.1973. That purpose, however, is fulfilled by according Denver and other cities the right to file a petition for exclusion on their behalf in the first instance rather than proceeding indirectly through the property owners as would be required under § 32-5-323, C.R.S.1973.
Therefore, we hold that the words "in addition to" contained in § 32-1-309, C.R. S.1973, are not intended to require that Denver proceed under §§ 32-5-323 and 32-1-303, C.R.S.1973, sequentially. Instead, we believe that the two remedies are entiretirely separate. We therefore conclude that Denver may, in the first instance, petition for the exclusion of the annexed territory under § 32-1-303, C.R.S.1973.

*717 II.
Before a city may undertake to seek exclusion of a particular territory, it must establish itself as the governing body of that area. Section 32-1-303, C.R.S. 1973. Hence, Denver attempted to annex the territory involved in this controversy by passage of twenty-three annexation ordinances. In several instances these ordinances were challenged in court with the result that three were found to be void. These rulings are presently on appeal to the Supreme Court.
Bancroft argues that Denver cannot establish the necessary fact of its governance until the validity of the challenged annexation ordinances is finally settled on review. This contention is disposed of by City Council of the City of Greenwood Village v. Board of Directors of South Suburban Metropolitan Recreation Park District, 181 Colo. 334, 509 P.2d 317, in which an order of exclusion was challenged in the courts by a motion for a new trial on the ground of newly discovered evidence. The Supreme Court held that, until the annexation was finally determined to be void, the disputed territory remained a part of the annexing municipality. See § 31-8-117(4), C.R.S.1973. Since the residents of that territory were subject to city taxes and assessments and were entitled to all city services, the trial court's decision to grant Greenwood Village's petition for exclusion was affirmed despite the clouded status of the annexations, subject to the possibility of subsequent deannexation.
Bancroft has cited nothing sufficient to render Greenwood Village inapplicable here. Since the trial court expressly conditioned the effect of its order upon a determination that the territory sought to be excluded had been validly annexed by Denver, we do not believe it to have committed error.

III.
Bancroft bases its next challenge to the order of exclusion on the alleged failure of Denver to prove that the services it would provide in the future would not be of lower quality than those presently provided by Bancroft. See § 32-1-304(1)(b). In this matter we are bound by the trial court's determination unless it is "clearly arbitrary and capricious." Section 32-1-304(1)(b), C.R.S.1973.
In support of its petition, Denver adduced evidence that, in order to provide fire protection to the area, it proposed to build a so-called "mini-station" at approximately the same site as a fire station presently used by Bancroft. It was testified that the mini-station would be sufficient to provide adequate protection when considered in conjunction with Denver's other resources. There was further testimony that almost all emergency medical care would be provided by Denver General Hospital, the area's hospital rated highest by an agency sponsored by the American Hospital Society and the American Medical Association. The advantages of the hospital's ambulance fleet were also explored.
In rebuttal, Bancroft presented evidence showing that all emergency calls in its district were monitored by a doctor rather than the paramedics used by Denver. There was testimony that Bancroft used a helicopter for rescue calls, which resulted in quicker response time. Bancroft's frequent and close contacts with members of the community were also stressed.
While there is no evidence in the record to show that Denver can or will duplicate all of the services provided by Bancroft, we do not believe that § 32-1-304, C.R.S.1973, requires Denver to prove its intention to do so. The statute is intended instead to insure that the over-all quality of the services provided will not be lower as a result of the exclusion. As a result, the trial court must weigh the advantages and disadvantages of an exclusion to determine whether, on balance, the quality of service will not decline as a result of the exclusion. On the facts of this case, we conclude that the trial court's finding that the quality of the services provided by Denver will not be of lesser quality than those provided by Bancroft is not "clearly *718 arbitrary and capricious". See § 32-1-304(1)(b), C.R.S.1973.

IV.
In the course of trial Denver conceded that the legal descriptions of the territory included within the petition for exclusion were inaccurate. The court allowed Denver to amend its petition by introduction of a map accurately depicting the territory to be excluded. The judgment entered, however, was based upon the admittedly inaccurate legal descriptions of the original petition. We therefore remand the cause to the trial court with directions to modify the legal descriptions in its order to conform with the map used to amend the petition. See Empire Ranch & Cattle Co. v. Howell, 23 Colo.App. 265, 129 P. 245.
We have considered the other arguments raised by appellants and find them to be without merit.
Judgment modified and as modified affirmed.
PIERCE and BERMAN, JJ., concur.