CITY AND COUNTY OF DENVER, a municipal corporation; Jerry C. Kempf, Manager of Revenue of the City and County of Denver; and William H. McNichols, Jr., an individual and resident taxpayer of the City and County of Denver, Plaintiffs-Appellants,

v.

The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF JEFFERSON, State of Colorado; Don Couch, Treasurer of the County of Jefferson; Mike Sobieski, Assessor for the County of Jefferson, Defendants-Appellees,

Jefferson County School District No. 1, a quasi-municipal corporation; and School District No. 1, City and County of Denver, Colorado, Defendants,

and

Bancroft Fire Protection District, Intervenor.

No. 81CA1031.

Colorado Court of Appeals, Div. II.

Nov. 4, 1982.

Rehearing Denied Dec. 2, 1982.

Certiorari Denied April 18, 1983.

Max P. Zall, City Atty., Robert F. Strenski, Asst. City Atty., Denver, for plaintiffs-appellants.

Patrick R. Mahan, County Atty., Cile Pace, Asst. County Atty., Golden, for defendants-appellees.

Calkins, Kramer, Grimshaw & Harring, Richard L. Harring, Denver, for intervenor.

VAN CISE, Judge.

In December 1973, Denver attempted to annex a parcel of unincorporated land (the Grant-Witkin parcel) lying in Jefferson County. On November 27, 1978, in an action originally filed in January 1974 challenging the annexation, the district court decreed that the annexation proceedings and the annexing ordinance were void and declared that the parcel was a part of Jefferson County. Execution on this judgment was stayed pending appeal. This court affirmed in an unpublished opinion and, after certiorari was denied by the Supreme Court, mandate issued from this court October 28, 1980.

In November 1980, plaintiffs (Denver) instituted the present action and defendants-appellees (Jefferson County) counterclaimed. Both sought a determination of the entitlements of the various governmental bodies involved to the revenues from the 1980 general property taxes, collected in 1981 from taxpayers owning property in the Grant-Witkin parcel.

In December 1980, Judge Flowers granted a preliminary injunction allowing Denver to issue its tax notices to owners of property in the parcel and to collect the 1980 taxes. Both counties thereafter filed motions for summary judgment. In September 1981, Judge Brooks concluded that Jefferson County was and is the governmental entity entitled to collect and distribute the 1980 property taxes, and granted Jefferson County's and denied Denver's motion. Judgment and orders consistent therewith were entered accordingly, and were made final pursuant to C.R.C.P. 54(b). Denver appeals. We affirm.

By virtue of a settlement arrived at during the pendency of this appeal, the Denver and Jefferson County school districts arrived at a settlement, concurred in by the other parties. Accordingly, the school districts have been dismissed as parties and their claims are not subjects of this appeal. Also, in an unappealed order the claim of the Bancroft Fire Protection District against Denver was dismissed contingent on a ruling as to Denver's entitlement to the

1980 taxes, and, thus, the issue of Denver's liability to Bancroft is not a subject of this appeal.

 The parties agree that the order voiding the annexation proceeding did not become a final judgment until disposition of the proceedings on appeal, *see* § 31–12–117(4), C.R.S.1973, which occurred on issuance of this court's mandate on October 28, 1980. Until that date, the disputed parcel was a part of Denver, *City Council v. Board of Directors,* 181 Colo. 334, 509 P.2d 317 (1973); *City & County of Denver v. Board of Directors,* 38 Colo.App. 53, 554 P.2d 714 (1976), and, therefore, was in Denver on the assessment date, January 1, 1980 —unless, by virtue of the judgment voiding the annexation, the parcel was never legally in Denver for any purpose.

On the premise that the parcel was in Denver on the assessment date, Denver contends that only Denver could levy and collect the 1980 taxes on the subject parcel. We do not agree.

 We agree with the conclusion of Judge Brooks in his September 1981 order: "[B]y final judgment effective October 28, 1980, Denver's annexation of the Grant-Witkin parcel was held to be 'void.' Words in a statute are to be construed according to their familiar and generally accepted meaning. *Harding v. Industrial [Commission],* 183 Colo. 52, 515 P.2d 95 (1973); *Humana, Inc. v. Board of Adjustment,* 189 Colo. 79, 537 P.2d 741 (1975). The meaning of the term void is 'null, ineffectual, nugatory.' *Black's Law Dictionary.* A 'void' judgment, for example, is one which 'has neither life nor incipience.' *Davidson Chevrolet [, Inc.] v. City & County of Denver,* 138 Colo. 171, [175]; 330 P.2d 1116, 1118 (1958). The common, plain meaning of the term void is *void ab initio.* When final judgment was entered voiding the annexation, the Grant-Witkin parcel was held never legally within Den-ver. The Grant-Witkin parcel was, therefore, legally in Jefferson County on the assessment date, January 1, 1980. Thus, Jefferson County was entitled to impose its levies and collect and distribute the 1980 property taxes derived from its levies on property located in the Grant-Witkin parcel." [1]

Accordingly, the judgment is affirmed and the cause is remanded for further proceedings consistent with this opinion.

SMITH and STERNBERG, JJ., concur.

---

1. Note that this ruling has no effect on the property taxes levied and collected for the tax years 1974 through 1979 because of § 31–12–117(2), C.R.S.1973, which provides in pertinent part:

"A judicial declaration voiding an annexation shall not invalidate the levy and collection of any taxes ... *collected or imposed* by the annexing municipality *prior* to such final judgment." (emphasis supplied)