**BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, Colorado, a body politic and corporate, Plaintiff–Appellee,**

v.

**CITY OF LAKEWOOD, Colorado, a municipal corporation; the City Council of the City of Lakewood, Colorado: Linda Shaw, in her official capacity as Mayor of the City of Lakewood, Colorado; Donald Rose, Dennis Mateski, H.W. Scatterday, Carolyn Bacher, Norma Beard, Thomas Leadabrand, Linda Morton, Richard Myers, David Larkin, and Kathy Stapleton, in their official capacities as Council members of the City Council of the City of Lakewood, Defendants–Appellants.**

No. 89CA2076.

Colorado Court of Appeals, Div. V.

Jan. 17, 1991.

Rehearing Denied Feb. 14, 1991.

Certiorari Denied July 29, 1991.

Patrick R. Mahan, County Atty., Claire Levy, Gay B. Ummel, Asst. County Attys., Golden, for plaintiff-appellee.

Gorsuch, Kirgis, Campbell, Walker & Grover, William R. Baesman, Malcolm M. Murray, Paul I. Oh, Denver, for defendants-appellants.

Opinion by Judge REED.

Defendants, City of Lakewood (City), its mayor, city council, and council members, appeal both the trial court's judgment which held certain annexation and rezoning ordinances, enacted by the city council, to be void. We affirm.

Following a public hearing held on November 28, 1988, the city council of Lakewood enacted ordinances No. 0–88–54, 0–88–55, 0–88–56, and 0–88–57, which annexed to the City portions of public streets and four parcels of private property.

South Kipling Street is a public thoroughfare which runs lengthwise through the City in a north-south direction. Before this challenged annexation, its 200–foot width at an intersection with an east-west street formed a portion of the City's southern boundary.

Ordinance No. 0–88–54 annexed an "L" shaped area which was situated south of the then existing City limits. It consisted of: South Kipling Street, from where it was contiguous to the City boundary, through its intersection with West Bowles Avenue (located a number of blocks to the south); that portion of West Bowles Avenue lying easterly of this intersection and extending, in length, for several blocks to its intersection with Cross Drive; and a parcel of private land adjacent to the Cross Drive—West Bowles Avenue intersection.

The total perimeter of this area, including the two streets and parcel of private land, is 15,036 feet. The only portion of this property which, prior to annexation, was contiguous to the City was the width of South Kipling Street lying adjacent to the city's southern boundary.

The other annexation ordinances, Nos. 0–88–55, 0–88–56, and 0–88–57, annexed areas adjacent to the portion that had been annexed by No. 0–88–54. These four ordinances were, by their terms, to become effective on December 31, 1988.

Also on November 28, 1988, the city council enacted ordinances No. 0–88–58, 0–88–59, and 0–88–60. These were zoning ordinances which rezoned the annexed areas. By their terms, they became effective on January 15, 1989.

On January 9, 1989, the Board of County Commissioners of Jefferson County (County) filed with the city council four separate motions seeking reconsideration of the annexation ordinances. Upon the denial of reconsideration, the County brought this C.R.C.P. 106(a)(4) action against the City and the owner of the private property seeking a judgment declaring the four annexation ordinances and three zoning ordinances to be null and void.

The City, prior to answering, filed a motion to dismiss based on the County's alleged failure to file in a timely manner the motions for reconsideration. The trial court denied that motion.

After hearing, the trial court held that the perimeter of the streets annexed under Ordinance No. 0–88–54 had to be included in determining whether the required contiguity had been established; that inclusion of the right-of-way perimeter resulted in the annexed property not meeting the one-sixth contiguity requirement of § 31–12–104(1)(a), C.R.S. (1990 Cum.Supp.); and that, therefore, the annexations were void.

The trial court further held that the lack of contiguity for Ordinance No. 0–88–54 resulted in the remaining annexation ordinances being void because they relied for contiguity upon the property annexed pursuant to No. 0–88–54. It further determined that, because the annexations were void, the City ordinances rezoning the annexed property were also void.

I.

■ Defendants contend first that the trial court erred in denying their motion to dismiss because the County's motions for

reconsideration were untimely. We disagree.

Pursuant to § 31–12–116(1)(a), C.R.S. (1990 Cum.Supp.), a county, among others, may seek district court review of annexation by a municipality of county land. However, as a condition for seeking this review, the aggrieved party must first file a *motion for reconsideration* "within ten days *of* the effective date of the ordinance." Section 31–12–116(2)(a)(II), C.R.S. (1990 Cum.Supp.) (emphasis added).

Here, the annexation ordinances, by their terms, had an effective date of December 31, 1988, and the County's motions to reconsider were filed on January 9, 1989. Thus, the issue is whether the statutory language, mandating that review be sought within ten days "of" the ordinance's effective date, means within ten days *prior* to or within ten days *after* the effective date.

If a motion to reconsider must be filed within ten days prior to the effective date, then the County's motions were untimely and it could not seek judicial review of the annexation ordinances. Conversely, if the language means within ten days *after* the effective date, then the County's motions were timely. *See* § 31–12–116(2)(a)(I), C.R.S. (1990 Cum.Supp.).

A statute will not be construed to create an unreasonable or unjust result. Section 2–4–201(1)(c), C.R.S. (1980 Repl.Vol. 1B); *Ingram v. Cooper*, 698 P.2d 1314 (Colo. 1985).

The General Assembly, in enacting § 31–12–116, evidenced its intent to provide for judicial review of annexation matters. A construction of the statute in accordance with defendants' interpretation would, under certain circumstances, prevent such review.

Pursuant to § 31–16–105, C.R.S. (1986 Repl.Vol. 12B), ordinances may take effect upon their adoption if the governing body finds that the ordinances are necessary for the preservation of public health and safety. In the absence of bad faith or fraud, this determination of emergency legislation is conclusive on judicial review. *See TCD North, Inc. v. City Council*, 713 P.2d 1320 (Colo.App.1985) (council's determination,

pursuant to city charter, that annexation ordinance should be adopted as an emergency matter upheld).

Thus, if an annexation ordinance became effective upon adoption, as provided by § 31–16–105, it would be impossible to file a motion to reconsider the ordinance within ten days prior to its effective date. In turn, the inability to file a motion to reconsider would then deny to an aggrieved party the opportunity to seek judicial review.

We, therefore, hold that the only reasonable construction of § 31–12–116(2)(a)(II) is that "within ten days *of*" means no later than ten days *after* the effective date. Consequently, the County's motions to reconsider were timely, and the trial court correctly denied defendants' motion to dismiss.

## II.

■ Defendants next contend that the trial court erred in holding that, when a platted street and connecting private parcel of property are contemporaneously annexed, the perimeter of the street must be included in determining whether the one-sixth of the area to be annexed is contiguous with the annexing municipality. We disagree.

Section 31–12–104(1)(a), C.R.S. (1990 Cum.Supp.) provides that an area is eligible for annexation if the governing body finds:

"That not less than one-sixth of the perimeter of the area proposed to be annexed is contiguous with the annexing municipality. Contiguity shall not be affected by the existence of a platted street...."

However, the contiguity required by § 31–12–104(1)(a) may be "achieved" by annexing a platted street. Section 31–12–105(1)(e), C.R.S. (1990 Cum.Supp.) states:

"[N]o annexation may take place which would have the effect of extending a municipal boundary more than three miles in any direction from any point of such municipal boundary in any one year. Within said three-mile area, the contiguity required by section 31–12–104(1)(a)

may be achieved by annexing a platted street...."

Defendants rely on this latter section to argue that the perimeter of the two streets should not be considered in calculating the contiguity required by § 31–12–104(1)(a), even though the two public streets are part of the property annexed. We reject this contention based upon the unambiguous language of these two statutory sections.

Section 31–12–105(1)(e) in no manner alters the requirement of § 31–12–104(1)(a) that not less than one-sixth of the perimeter of the area *to be annexed* is contiguous with the municipal boundary. It does not state or imply that any portions of the area to be annexed are excluded from the perimeter measurement or change the amount of contiguity necessary for annexation. Rather, it expressly provides only that a point of contact between a street or alley and an existing boundary may be used to achieve the contiguity required by § 31–12–104. In so doing, it incorporates and reaffirms, by reference, "the contiguity required by section 31–12–104."

■ Further, contrary to defendants' contention, neither § 31–12–104(1)(a) nor § 31–12–105(1)(e) is ambiguous, and, accordingly, no resort will be made to the legislative history of either for purposes of construction. *People v. Armstrong*, 720 P.2d 165 (Colo.1986).

Thus, the trial court correctly determined that, for purposes of calculating whether the one-sixth of that perimeter was contiguous to the annexing municipality, the perimeter of the annexed area included the two streets. Because no such required contiguity existed, the trial court was also correct in declaring Ordinance No. 0–88–54 to be null and void.

### III.

■ Defendants finally contend that the trial court erred in voiding the remaining annexation and rezoning ordinances solely because Ordinance No. 0–88–54 was declared null and void. Again, we disagree.

Section 31–12–117(2), C.R.S. (1986 Repl. Vol. 12B) provides that if a district court declares an annexation void, no acts taken in compliance with or pursuant to the charter, ordinances, or regulations of the annexing municipality shall be voided thereby, even though such acts are not in compliance with the applicable county requirements.

Contrary to defendants' argument, this section does not protect, and keep forever valid, the ordinances implemented in conjunction with No. 0–88–54. Rather, the focus of § 31–12–117(2) is to retain the viability, during an ostensible annexation period, of those ordinances of the annexing municipality. It merely operates to vest in the annexing municipality the governmental functions during the period of judicial review. *City of Westminster v. District Court*, 167 Colo. 263, 447 P.2d 537 (1968). If, however, the annexation is finally declared to be void, the acts of the annexing municipality can have no further effect on the land in question. *City Council v. Board of Directors*, 181 Colo. 334, 509 P.2d 317 (1973).

Here, the ordinances are interrelated. The annexations attempted in Ordinances No. 0–88–55, 0–88–56, and 0–88–57 are void, as held by the trial court, because the requisite contiguity of each was dependent solely upon the validity of Ordinance No. 0–88–54.

The zoning ordinances, Nos. 0–88–58, 0–88–59, and 0–88–60, are likewise void, as held by the trial court, once the annexation is finally declared void. *See City Council v. Board of Directors, supra.*

That the ordinances affecting the annexed property would no longer be operative once the annexation was declared void is implicit in § 31–12–117. It would not be necessary to protect acts done in reliance upon city ordinances if those ordinances did not become void as well.

Judgment affirmed.

HUME and JONES, JJ., concur.