No. 23640.

The City of Westminster, a municipal corporation existing in the County of Adams and State of Colorado, under and by virtue of the laws of the State of Colorado; The City Council of the City of Westminster; and Marshall E. Dodson, Vi June, Gilbert Bean, Harvey England, Harold Peterson, Donald Koch, and Harold F. Harris, individually and as members of and being and constituting the said The City Council of the City of Westminster *v.* The District Court in and for the County of Adams, State of Colorado, Clifford J. Gobble, as the Chief Judge thereof, and F. Leonard Pomponio, Rose Marie Pomponio, Yolanda Pomponio, Northgate Shopping Center, Inc., and F. Leonard Pomponio, Rose Marie Pomponio, and Yolanda Pomponio, as Co-Executors of the Estate of Felix Pomponio, Deceased.

(447 P.2d 537)

Decided November 18, 1968.     Rehearing denied December 9, 1968.

264

HOLLAND & HART, WARREN L. TOMLINSON, JAMES R. STITT, for petitioners.

MORRIS RUTLAND, CREAMER & CREAMER, for respondents.

CHARLES B. HOWE, amicus curiae.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THE City of Westminster has petitioned this court to decree that the Adams County district court is acting in excess of its jurisdiction in an annexation contest. We issued a show cause order to the court and other respondents, and they have answered. The matter is now at issue before the court without oral argument.

Westminster has alleged that it has complied with all the requirements of 1965 Perm. Supp., C.R.S. 1963, 139-21-1 to 23, and has annexed 116 acres of unincorporated land which has been two-thirds contiguous to the City of Westminster for not less than three years. After notice and hearing and compliance with other steps provided by the statute, the annexation ordinance became effective June 1, 1968. On June 5, 1968 certain of the property owners, hereinafter referred to as respondents, filed an action in the district court to review the annexation proceeding. On the same day the district court, in an ex parte proceeding, issued the order here in question which provided, *inter alia:*

"That all proceedings of the Defendants with relation

to the annexations the subject matter of this action be and hereby are stayed pending further order of this Court, and the Defendant and each of them and all persons acting by, through, or under them are stayed from in any manner interfering with or seeking to interfere with the conduct of the package liquor store of the Plaintiff F. Leonard Pomponio or the business of the corporate Plaintiff, Northgate Shopping Center, Inc., or any of its tenants or the merchants in the said Northgate Shopping Center, all until final determination by this Court of the rights of the several parties hereto with relation to the said claimed annexation."

On June 20 legal arguments were heard on Westminster's motion that the court dissolve the stay order. The motion was denied, and the original proceeding then followed in this court.

█ The central issue in this case relates to the validity and effect of 1965 Perm. Supp., C.R.S. 1963, 139-21-16(1) which provides as follows:

"*Effect of review and of voiding of annexation ordinance by court order.*— (1) After the effective date of an annexation ordinance, the annexing municipality shall apply all pertinent ordinances to the annexed area irrespective of any proceedings for judicial review."

The statutory language makes it clear that no discretion is afforded the annexing municipality. The statute is mandatory and therefore, absent a finding of inapplicability or unconstitutionality, the district court lacked jurisdiction to order the City of Westminster to disobey the clear mandate of the statute.

Respondents first point out that section 139-21-15 (1)(a) of the annexation statute provides that a review proceedings shall be had in accordance with the Colorado Rules of Civil Procedure; and that rule 106(a)(4) gives the court power to issue a stay order.

The proceedings in the district court were pursuant to R.C.P. Colo. 106(b) as implemented by our decisions. *Mesch v. Board of County Commissioners*, 133 Colo. 223,

293 P.2d 300; *Board of Adjustment v. Handley*, 105 Colo.
180, 95 P.2d 823; *County Court of Phillips County v.
People*, 55 Colo. 258, 133 P. 752; *Morefield v. Koehn*, 53
Colo. 367, 127 P. 234. It could not be seriously contended,
although the words were "dropped" among the verbiage
in the complaint, that the Westminster City Council had
no jurisdiction to institute annexation proceedings or
adopt ordinances pursuant thereto; and, as we have
already pointed out, no discretion nor abuse thereof was
involved. R.C.P. Colo. 106 (a) (4). The proceedings were
to review the annexation proceedings and for a court
determination whether Westminster had regularly pur-
sued its authority. In the complaint certain of the
respondents as plaintiffs below alleged that they were
exempt from annexation by reason of acreage and
assessed valuation. Others challenged the constitution-
ality of certain specific sections of the annexation statute.

■■■■ While it is true that we have recognized the
power of courts to issue stay orders in certiorari pro-
ceedings, statutes may modify or abrogate that power.
*See* 14 C.J.S. *Certiorari* §108. In the annexation statutes
it is clear that the legislature intended by section 139-
21-16(1) to preclude the issuance of a stay order pending
appeal of the annexation proceedings. In this respect
they were not legislating on procedure but declaring
by substantive law a legal status. The issuance of a stay
order would render the statute meaningless. R.C.P. Colo.
81(a) provides that the Rules of Civil Procedure do not
apply insofar as they are inconsistent with special
statutory law. *See Wright v. Tinsley*, 148 Colo. 258,
365 P.2d 691; *Dallas v. Fitzsimmons*, 137 Colo. 196, 323
P.2d 274. *See generally* 38 U. Colo. L. Rev. 137, 147-48,
155-58 (1965-66). This court has held that annexation
review is a special statutory proceeding. *Reichelt v.
Town of Julesburg*, 90 Colo. 258, 8 P.2d 708; *Phillips
v. Corbin*, 25 Colo. 62, 49 P. 279; *Town of Fletcher v.
Smith*, 18 Colo. App. 201, 70 P. 697. Thus the legislature
did not adopt Colorado Rules of Civil Procedure *in toto*,

but specifically by C.R.S. 1963, 139-21-16 (1), modified their application.

Although the respondents have attempted to justify the action of the trial court as a stay order, pursuant to power granted by rule, a reading of the order leaves little doubt that it is actually an injunction or restraining order. As such it is an unconstitutional interference with the statutory powers and duties of the City of Westminster. The legislature has power to prohibit a court from issuing injunctions in certain cases. *See Denver Local Union No. 13 v. Perry Truck Lines, Inc.,* 106 Colo. 25, 101 P.2d 436; *Enochs v. Williams Packing & Navigating Co.,* 370 U.S. 1, 82 S. Ct. 1125, 8 L.Ed. 2d 292. It has in effect done so in the annexation statute.

We are persuaded that the legislature was required to provide the specific guidelines that it did pending review proceedings, lest the disputed territory be left suspended in some no-man's land, with the citizenry of the territory left without clearly defined governmental services or obligations to any governmental entity. The legislature had two alternatives in case the annexation proceedings were judicially challenged. It could have provided that the county laws governing the unincorporated area would continue in force until the question was resolved; or, that the annexed municipality apply its ordinances and laws to the annexed area. It adopted the latter course. Additionally, it appears to us that the logical course is the one pursued by the legislature because of the question of necessary governmental services. Fire and police protection must be afforded the inhabitants by someone, and taxes must be paid. It is certainly easier for taxes to be paid initially to the municipality than to attempt to collect them at some later date for the time when the annexation is being challenged. In turn, municipal services by virtue of the same provision must be afforded the territory.

The trial court has not as yet proceeded to a review of the annexation proceedings. On the complaint

in certiorari many questions are posed for resolution. We, however, do not reach those matters which properly can be brought here by writ of error.

The rule is made absolute.

MR. JUSTICE GROVES not participating.