No. 23833.

Fort Collins-Loveland Water District, East Larimer County Water District, Berry N. Duff, and John E. Weitzel *v.* City of Fort Collins, Poudre School District No. R-1, in the County of Larimer and State of Colorado, and the Board of County Commissioners of the County of Larimer.

(482 P.2d 986)

Decided March 15, 1971.

HILL and HILL, ALDEN T. HILL, for plaintiffs in error.

MARCH, MARCH & SULLIVAN, ARTHUR E. MARCH, JR., for defendants in error.

KENNETH G. BUECHE, amicus curiae on behalf of The Colorado Municipal League.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

THIS lawsuit arose out of an annexation of territory by the City of Fort Collins, pursuant to the Municipal Annexation Act of 1965. 1965 Perm. Supp., C.R.S. 1963, 139-21-1, *et seq.*

The challenged annexation ordinance was passed on final reading on May 18, 1967. The plaintiffs in error (and the plaintiffs below) were two statutory water districts, one of which included within its boundaries the annexed property; Berry N. Duff, a resident and citizen of Fort Collins; and John E. Weitzel, a resident of Larimer County but not of the City of Fort Collins. Neither Duff nor Weitzel was a landowner or a qualified elector in the annexed territory. 139-21-15(1)(a). The plaintiffs on December 29, 1967, filed a complaint in the district court designated, "Complaint in Equity to Adjudge Annexation Void; and For Declaratory Judgment."

The City moved to dismiss the complaint on these grounds, among others:

1. The action was not brought within forty-five days after the effective date of the annexation ordinance, and accordingly, the action is barred by the provisions of Section 139-21-15(2);

2. None of the plaintiffs are statutorily qualified to

bring an action to review the validity of the ordinance. 1965 Perm. Supp., C.R.S. 1963, 139-21-15(1)(a); and

3. That the action is not a certiorari proceeding brought in accordance with the Colorado rules of civil procedure. 1965 Perm. Supp., C.R.S. 1963, 139-21-15(1)(a).

The trial court made extended findings and resolved the matter in favor of the City, concluding:

"It is the opinion of the court that this should be dismissed because the plaintiffs did not bring this action as a certiorari proceeding and because the plaintiffs are not proper parties."

In passing upon the City's first challenge, that is, that the action was not brought within forty-five days after the effective date of the annexation ordinance, the court made this observation.

"Although not necessary to the disposition of this action, the Court notes that Section 15 of the Municipal Annexation Act of 1965 further requires that any action to review annexation be brought within forty-five (45) days after the effective date of the ordinance accomplishing the same and, if the action is not brought within such time, it is forever barred. It appears that Plaintiffs are barred from bringing this action by the Statute of Limitations but the same cannot be raised by motion to dismiss but must be raised by answer."

The plaintiffs argue, in reference to the court's ruling as to standing, that if the court has correctly interpreted the act, the individual plaintiffs have been deprived of their rights as taxpayers and citizens without due process of law. Further, in reference to being limited to certiorari, they allege that "they have no adequate remedy except in equity." And finally, they contend that the annexation is void.

■■ The first fundamental precept in answer to the plaintiffs' contentions is that, in the absence of express constitutional provisions to the contrary, the general assembly has unlimited power over annexation of territory by municipalities; and even the legislative denial

of the rights to notice and to vote upon annexation is not a denial of due process of law or the equal protection of the laws. *Rogers v. Denver,* 161 Colo. 72, 419 P.2d 648. C. *Rhyne, Municipal Law* 37.

We find no specific constitutional limitation that bears upon the question of the form or type of procedure which must be employed to challenge an annexation, and this court has not yet exercised its rule-making power under Colo. Const. art. VI, § 21. Previously, this court recognized that judicial review of annexations is a special statutory proceeding. *City of Westminster v. District Court,* 167 Colo. 263, 447 P.2d 537, and cases cited therein. *See also* 38 U. Colo.L.Rev. 137.

The legislature rather than arrogate unto itself the right to establish a review procedure has adopted a specific procedure from the rules promulgated by this court. C.R.C.P. 106. The statute, although providing for *procedure,* created a *right* which is *substantive* in nature. Consequently, there is no question as to the subject matter being within legislative competence, nor does the constitution address itself to the question of who is qualified to challenge a municipal annexation. The matter of who may challenge the validity of an annexation involves a *substantive right.* Consequently, it is a proper matter for legislative action. We must, therefore, examine the act itself to determine whether the plaintiffs are qualified to bring the action.

Looking to 139-21-15 (1) (a), we find that only "any landowners or any qualified elector in the territory proposed to be annexed" may seek the review.

The plaintiffs concede that neither of the individual plaintiffs lived within the annexed territory. Consequently, they had no standing as "aggrieved" persons and no right to institute certiorari proceedings. It is also clear from the context of the act that water districts are incapable of qualifying as landowners or electors under the statute. Thus, the court correctly held that the plaintiffs did not have standing to sue.

Although it is not necessary to the disposition of this case, we feel that it is desirable to correct the erroneous impression of the trial judge relating to the manner of raising the issue as to the timeliness of instituting actions to review the findings and actions of the City Council. The provision under consideration requires that all such actions "shall be brought within forty-five days after the effective date of the ordinance, and if such action is not brought within such time such action shall forever be barred." 139-21-15 (2).

The trial court in holding that the issue "cannot be raised by motion to dismiss but must be raised by answer," erred. In so ruling, the court relied upon C.R.C.P. 8 (c). We recognize that this court has held that the statute of limitations cannot be raised by motion under Rule 12 (b), but must be specifically pleaded as a defense under Rule 8 (c). *Smith v. Kent Oil Co.*, 128 Colo. 80, 261 P.2d 149.

The forty-five day provision is not a true statute of limitations. The time limitation is jurisdictional; unlike other statutes of limitations, as a matter of public policy, it cannot be tolled or waived. This is further manifested by 1965 Perm. Supp., C.R.S. 1963, 139-21-16 (1) which subjects the annexed area to all pertinent ordinances of the annexing municipality immediately upon annexation, irrespective of any proceedings for judicial review. Just as no discretion is afforded the annexing municipality as to the application of ordinances, it has none with reference to the waiver of the time limitation for the challenge to the validity of the annexation ordinance. *See City of Westminster v. District Court, supra.*

In effect, the forty-five day provision is a condition precedent to the exercise of the right to challenge. When it appears on the face of the complaint, or is admitted as here, the complaint simply does not state a claim upon which relief can be granted. The claim is barred. *Burns v. District Court*, 144 Colo. 259, 356 P.2d 245. The court had no jurisdiction of the subject matter, and could, for

that reason, have granted the motion to dismiss on this ground as well.

The judgment of the trial court is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON not participating.