No. 26634

**The Board of County Commissioners of the County of Jefferson, State of Colorado, a body politic and corporate v. The City and County of Denver, State of Colorado, a municipal corporation; The City Council of The City and County of Denver, State of Colorado; and The Board of County Commissioners of the City and County of Denver, State of Colorado**

(546 P.2d 497)

Decided March 1, 1976.

Patrick R. Mahan, County Attorney, Richard J. Scheurer, Assistant, George J. Robinson, Special Counsel, for plaintiff-appellee.

Max P. Zall, City Attorney, Herman J. Atencio, Assistant, David J. Hahn, Special Counsel, C. Thomas Bastien, Special Counsel, for defendants-appellants.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

City and County of Denver Ordinance No. 526, Series of 1971 annexed a parcel of Jefferson County land to Denver. The judgment of the trial court declared the ordinance invalid. From this judgment, Denver initiated this appeal and urges reversal on the ground that the plaintiff-appellee, The Board of County Commissioners of the County of Jefferson (Board), did not institute a court challenge of this ordinance within 45 days of its effective date as required by statute. The record clearly reveals this fact and therefore we reverse the trial court's judgment as to this ordinance.

The following are the facts pertinent to this appeal. On September 27, 1971, the Denver City Council enacted Ordinance No. 383, Series of 1971 (effective October 1, 1971), annexing certain unincorporated lands in Jefferson County to Denver. On November 8th, the Board of County Commissioners from Jefferson County filed a complaint in the nature of certiorari seeking judicial review of the annexation procedures involved in the passage of Ordinance No. 383. On December 27, 1971, the Denver City Council passed another annexation ordinance, being Ordinance No. 526, Series of 1971 (effective December 31, 1971). It purported to repeal Ordinance No. 383. The parcel of land annexed in Ordinance No. 526 is virtually the same land as described in Ordinance No. 383 except that it is slightly smaller in area.

On March 4, 1974, the trial court held that Ordinance No. 383 was invalid because in adopting it, the Denver City Council had not complied, in several respects, with the requirements of the Municipal Annexation Act of 1965.[1] In the same judgment, the trial court also ruled that Ordi-

---

[1] Now sections 31-8-101 *et seq.*, C.R.S. 1973.

nance No. 526 was void because the Denver City Council had no legal authority to repeal the earlier ordinance and to re-annex the same property. The record reveals that Ordinance No. 526 came to the attention of the trial court in an amended return by Denver to the writ of certiorari. On behalf of Denver, it was therein stated:

"4. That Ordinance No. 383, Series of 1971, was repealed and rescinded by action of the Defendant City Council on December 27, 1971, upon the finding that said ordinance was defective; that a new resolution was adopted by the Defendant City Council, and Ordinance No. 526, Series of 1971, was duly enacted. A copy of such ordinance and resolution has heretofore been furnished the Plaintiff herein."

This amended return was filed by Denver at a time when Ordinance No. 526 had been in effect well over 45 days.

■ The trial court erred in taking cognizance of Ordinance No. 526 because the complaint in the instant action was not amended to include this ordinance within its challenge, nor was any other court proceeding commenced to attack this ordinance within 45 days of its effective date. As to municipal annexations, section 31-8-116, C.R.S. 1973 in pertinent part states:

"(2) All such actions to review the findings and the decision of the city council shall be brought within forty-five days after the effective date of the ordinance, and, if such action is not brought within such time, such action shall forever be barred.

* * *

"(4) Any annexation accomplished in accordance with the provisions of this part 1 shall not be directly or collaterally questioned in any suit, action, or proceeding, except as expressly authorized in this section."

■ Commencement of an action within this time period is necessary before a trial court has any jurisdiction to entertain an action which challenges a municipal annexation. *Fort Collins-Loveland Water District v. City of Fort Collins*, 174 Colo. 79, 482 P.2d 986 (1971). In *City and County of Denver v. District Court*, 181 Colo. 386, 509 P.2d 1246 (1973), we upheld this time limit on judicial review because the legislature has a plenary power to define proper annexation procedures. We therein set forth the rationale and the principles which must govern in municipal annexations as follows:

"Annexation is a legislative function and it is within legislative competence to prescribe who may challenge annexation proceedings, and within what time limits a challenge must be made. . . . Implicit in the forty-five day time limitation imposed by our statute is a recognition of the desirability that municipal boundary lines be expeditiously and finally determined in order that the responsibility for providing municipal services and

the applicability of municipal ordinances and regulations may be known to those affected, thus promoting orderly growth of urban communities. . . ."

By enacting the 45-day time limitation set forth in section 31-8-116, C.R.S. 1973, the legislature has pursued a deliberate policy of favoring the finality of an annexation even though there may have existed some ground for attacking the annexation. No legislative intent appears in the Municipal Annexation Act which would exclude from this time limitation a court challenge involving a municipality's capacity to repeal an annexation ordinance.

■ We also note that the Board does not dispute the power of the legislature to delegate authority to a municipality to repeal an annexation ordinance. Although such authority was not by statute specifically delegated to municipalities, the legislature has the related power, if necessary, to ratify an annexation which comes about by an ordinance such as No. 526 because it was not challenged within 45 days. In effect, this time limitation statute in this case operated as a legislative ratification of the annexation accomplished in Ordinance No. 526.

In this case, the Board failed to bring a timely action against Ordinance No. 526, even though the ordinance was duly recorded in Jefferson County immediately subsequent to its passage pursuant to section 31-8-113, C.R.S. 1973. Consequently, the district court did not have jurisdiction to invalidate the annexation accomplished pursuant to Denver's Ordinance No. 526.

The judgment of the trial court invalidating Denver Ordinance No. 526, Series of 1971, is reversed.

MR. JUSTICE LEE does not participate.