## No. 27146

**The Board of County Commissioners, of the County of Jefferson, State of Colorado, a body politic and corporate v. The City and County of Denver, State of Colorado, a municipal corporation; the City Council of the City and County of Denver, State of Colorado; and the Board of County Commissioners of the City and County of Denver, State of Colorado**

(566 P.2d 340)

Decided June 13, 1977.

Patrick R. Mahan, County Attorney, Richard J. Scheurer, Assistant, George J. Robinson, Special Counsel, for plaintiff-appellee.

Max P. Zall, City Attorney, Herman J. Atencio, Assistant, David J. Hahn, Special Counsel, for defendants-appellants.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The City and County of Denver, by ordinance,[1] annexed a parcel of unincorporated land lying in Jefferson County. The district court declared the ordinance invalid for failure to meet the requirements of the Municipal Annexation Act of 1965.[2] Denver appeals. We affirm.

The annexation was initiated by a petition signed by four individuals and Hamida, Inc., a Colorado corporation, whose president signed for it. The petition asserted that no landowners resided within the territory to be annexed. Each signature on the petition, however, was represented as being that of a qualified resident elector.

The area to be annexed was not described by a perimeter description. Attached to the petition were two separate legal descriptions of the land owned by the individual signers. The land owned by Hamida, Inc. was not described. A map of the area to be annexed was attached to the petition, but the land depicted on the map did not coincide with the combined descriptions of the individually described parcels. Furthermore, the map failed to delineate accurately the individually owned parcels lying within the tract to be annexed. To further compound the confusion, the legal description set out in the ordinance failed to conform to either the map or the descriptions attached to the petition.

By resolution the Denver City Council recited that the annexation petition had been signed by one hundred percent of the landowners in the area to be annexed and that it complied fully with Denver's annexation policies. No public hearing or annexation election was held.

The trial court found numerous instances in which the petition failed to comply with 1965 Perm. Supp., C.R.S. 1963, 139-21-6.[3] For example, the trial court concluded that from the petition and its attachments it was impossible to determine who owns the land involved, that the annexation map fails to comply with the statute, that the description contained in the ordinance does not conform to the map, and that the petition fails to identify either the territory to be annexed or the separate respective ownerships of parcels within the area.

Denver, citing the statutory provision that "substantial compliance" is sufficient,[4] argues that the petition and its attachments substantially comply with the filing requirements. The evidence, however, supports the trial court's findings of non-compliance.

---

[1] Ordinance No. 453, Series 1973, enacted on July 16, 1973. C.R.S. 1963, as amended, was in effect at the time of this annexation.

[2] C.R.S. 1963, 139-21-1, *et seq.* (as amended), now Colo. Sess. Laws 1975, ch. 275, 31-12-101, *et seq.* at 1076-1096.

[3] Now Colo. Sess. Laws 1975, ch. 275, 31-12-107 at 1080-1083.

[4] 1965 Perm. Supp., C.R.S. 1963, 139-21-6(1)(h), now Colo. Sess. Laws 1975, ch. 275, 31-12-107(1)(g) at 1081.

The standard of substantial compliance is not met where the description of the area to be annexed is so confused and contradictory that the area to be annexed cannot be determined from the petition and its attachments. 1965 Perm. Supp., C.R.S. 1963, 139-21-6(1)(e).[5] Nor is it met where the ownership of the land to be annexed does not clearly appear. 1976 Perm. Supp., C.R.S. 1963, 139-21-6(1)(d)(vi)-(viii).[6] Since the territory to be annexed and the landowners of that territory could not be identified with reasonable certainty, the Denver City Council had no way to determine, as it recited that it had determined, that the owners of one hundred percent of the area proposed to be annexed, exclusive of streets and alleys, had signed the petition. We hold that the Denver City Council abused its discretion in finding that the annexation met the requirements of the Municipal Annexation Act of 1965, 1965 Perm. Supp., C.R.S. 1963, 139-21-15(3). Therefore, the annexation cannot stand. See *Johnston v. City Council,* 177 Colo. 223, 493, P.2d 651 (1972).

Denver also argues that the trial court erred in holding that a hearing and election were required because a "Memorandum Agreement" had imposed "additional terms and conditions" on the annexation. Because we have decided for the reasons stated above that the annexation ordinance is void, it is unnecessary for us to reach this issue.

■ As its third and final point, Denver asserts that the trial court erred in failing to dismiss the complaint for failure to join indispensable parties. Denver claims that Jefferson County should have joined all the owners of land within the area proposed to be annexed.

The Municipal Annexation Act of 1965 provides that specified judicial review is available to ". . . any landowner or any qualified elector in the territory proposed to be annexed or the county commissioners of any county from which territory is being removed by such annexation. . . ." 1965 Perm. Supp., C.R.S. 1963, 139-21-15(1)(a).[7] This language provides standing to each of the three specified groups. A board of county commissioners, however, is not expressly required to join all landowners in order to challenge an annexation. The statute confers standing upon *each* of the three classes: landowners, electors, and commissioners. No language in the statute suggests that all landowners are given the status of indispensable parties.

Denver claims that the landowners' rights in annexation proceedings are impaired if they are not joined. The only rights of landowners in these proceedings are the rights conferred by the Municipal Annexation Act of 1965. That act does not confer the rights claimed to exist.

---

[5]Colo. Sess. Laws 1975, ch. 275, 31-12-107(1)(d) at 1080.
[6]Colo. Sess. Laws 1975, ch. 275, 31-12-107(1)(c)(v)-(vii) at 1080.
[7]Now Colo. Sess. Laws 1975, ch. 275, 31-12-116(1)(a) at 1089.

"The first fundamental precept in answer to the plaintiffs' contentions [that they have standing] is that, in the absence of express constitutional provisions to the contrary, the general assembly has unlimited power over annexation of territory by municipalities; and even the legislative denial of the rights to notice and to vote upon annexation is not a denial of due process of law or the equal protection of laws. . . ." *Fort Collins-Loveland Water Dist. v. City of Fort Collins*, 174 Colo. 79, 482 P.2d 986 (1971).[8]

Moreover, the procedures for review provided by the act have been held not to deny due process. *Adams v. City of Colorado Springs*, 308 F. Supp. 1397 (D.Colo. 1970).

Although this Court has not previously addressed the issue here considered, we have decided on the merits numerous annexation cases where fewer than all the landowners were joined. *See e.g., Board of County Comm'rs v. City and County of Denver*, 190 Colo. 300, 546 P.2d 497 (1976); *Pomponio v. Westminster*, 178 Colo. 80, 496 P.2d 999 (1972); *Adams v. City of Colorado Springs*, 178 Colo. 241, 496 P.2d 1005 (1972); *Breternitz v. Arvada*, 174 Colo. 56, 482 P.2d 955 (1971); *Aspen v. Howell*, 170 Colo. 82, 459 P.2d 764 (1969). We are not persuaded by Denver's argument that all landowners had to be joined by the Board of County Commissioners of Jefferson County as a prerequisite to maintaining this suit against Denver.

Judgment affirmed.

MR. JUSTICE LEE does not participate.

---

[8]Even the rules of civil procedure do not apply where inconsistent with the statutory scheme. *City of Westminster v. District Court*, 167 Colo. 263, 447 P.2d 537 (1968).