## No. 27099

**Val d'Gore, Inc., a Colorado corporation, and Pitkin Creek, Inc., a Colorado corporation in behalf of themselves and all others similarly situated v. The Town Council of the Town of Vail, and the Town of Vail, a municipal corporation**

(566 P.2d 343)

Decided June 13, 1977.

Stewart H. Brown, for plaintiffs-appellants.

Calkins, Kramer, Grimshaw & Harring, Richard L. Harring, for defendants-appellees.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

This case involves a C.R.C.P. 106 challenge to the validity of an ordinance annexing territory to the Town of Vail. On two grounds, the court below granted Vail's motion to dismiss the plaintiff's complaint. First, the trial court held that the complaint had not been filed within forty-five days after the ordinance's effective date as required by section 31-8-116(2), C.R.S. 1973.[1] Second, it held that the plaintiffs had failed to join indispensable parties because they failed to join all others who owned land within the territory proposed to be annexed. We reverse and remand.

These annexation proceedings were commenced by petitions for an annexation election. Notice was given and a hearing and an annexation election were held. The annexation proposal was successful in the election, and on September 3, 1974, the Vail Town Council approved on second reading the annexation ordinance, Ordinance 13, which took effect September 11, 1974.

The annexation petitions, notices of election, and Ordinance 13 all erroneously described the area to be annexed, by designating Range 79 as 80 and Range 80 as 81. On November 5, 1974, the Vail Town Council, in an attempt to remedy these errors, adopted Ordinance 20, which amended Ordinance 13 by correcting the range numbers in the legal descriptions. Ordinance 20, although enacted nearly two months later, purported to be effective *nunc pro tunc* as of the effective date of Ordinance 13.

## I. SUBJECT MATTER JURISDICTION

■ The Municipal Annexation Act of 1965 requires that all actions to "review the findings and the decision of the city council shall be brought within forty-five days after the effective date of the ordinance. . . .'' Section 31-8-116(2), C.R.S. 1973.[2] We have previously characterized this forty-five day provision as jurisdictional. *Fort Collins-Loveland Water District v. City of Fort Collins,* 174 Colo. 79, 482 P.2d 986 (1971). Thus a complaint filed more than forty-five days after the effective date of the ordinance, must be dismissed. *City and County of Denver v. The District Court,* 181 Colo. 386, 509 P.2d 1246 (1973).

With the above rules in mind, the trial court properly invited briefs and set a hearing on the question whether it was deprived of subject

---

[1]Now Colo. Sess. Laws 1975, ch. 275, section 31-12-116(2) at 1089.
[2]*Id.*

matter jurisdiction by operation of the forty-five day rule.

However, the trial judge incorrectly concluded that the forty-five day period began to run on September 11, 1974, the effective date of Ordinance 13, and therefore, erred in determining that the forty-five day period had lapsed before the complaint was filed.

Ordinance 13, because of its erroneous property description, was ineffective as to the plaintiffs-appellants. "The description of municipal boundaries or of municipal territory is invalid and ineffective where it is indefinite and uncertain." 2 *E. McQuillin, Municipal Corporations*, §7.04 (3d ed., 1966 Revised Volume).

Ordinance 13 mistakenly referred to annexation of land in Ranges 80 and 81 whereas land lying in Ranges 79 and 80 was intended to be annexed. This error created a property description of territory clearly noncontiguous to the Town of Vail, and it prevented notice to interested parties of what territory was intended to be annexed.[3]

The definition of the area to be annexed is of central importance to the proper operation of the legislature's annexation scheme. The error repeated throughout the annexation election petitions, the election notices, and the annexation ordinance deprived potentially interested parties of an opportunity to contest the annexation of their property. It is conceivable that a landowner who would have no objection to an annexation which included only the territory described in the notice given him, might oppose it vehemently if it included different territory. *See State ex rel. Great Northern R.R. Co. v. Herschberger*, 117 Wash. 275, 276, 201 P. 2, 3 (1921).

Because Ordinance 13 did not become effective, the forty-five day filing period did not begin to run. *Board of County Comm'rs v. City and County of Denver*, 190 Colo. 347, 547 P.2d 249 (1976) (not effective due to failure to obtain judicial approval).

The plaintiffs filed their application for review in this case within forty-five days after enactment of Ordinance 20, which purported to correct the legal description.[4] Their application for review, therefore, was timely,

---

[3]We are cognizant of our holding in *Board of County Comm'rs v. City and County of Denver*, 193 Colo. 325, 566 P.2d 335, to the effect that a typographical error in a Range number at one location on an attachment to the petition was insubstantial. There the petition, the signature pages, all other documents, notices, and resolutions, and the annexation ordinance contained the correct property descriptions. Only on the caption page of "Exhibit A," attached to the petition, did the erroneous description occur. "Exhibit A" referred to the signature pages each of which independently contained the *correct* property description. In the present case, the error occurred wherever the description was written, including the annexation ordinance itself.

[4]Ordinance 20 was not retroactively effective notwithstanding language purporting to give it retroactive effect. *City and County of Denver v. Denver Buick Co.*, 141 Colo. 121, 347 P.2d 919 (1960) (constitutional prohibition against retroactive laws is applicable to municipalities — zoning case); *Colo. Const.* Art. II, Sec. 11.

and it is unnecessary for us to consider whether Ordinance 20 was adequate to correct the defect in Ordinance 13.[5]

## II. INDISPENSABLE PARTIES

There remains the issue whether the trial court erred in predicating dismissal of the complaint on the alternative ground of failure to join as indispensable parties all owners of land within the area to be annexed. We have today held that the Municipal Annexation Act of 1965 does not require that all landowners be joined in a suit contesting an annexation. *Board of County Comm'rs v. City and County of Denver*, 193 Colo. 321, 566 P.2d 340.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for further consideration in accordance with the views expressed in this opinion.

MR. JUSTICE KELLEY and MR. JUSTICE LEE do not participate.

---

[5]Since we hold that the forty-five day period did not begin to run, and that the plaintiffs were not barred, we do not reach their claim that they were denied due process of law.