The BOARD OF COUNTY COMMISSION-ERS, COUNTY OF ADAMS, State of Colorado, a body politic, Plaintiff-Appellee and Cross-Appellant,

v.

CITY AND COUNTY OF DENVER, a Municipal Corporation, City Council of the City and County of Denver, Union Pacific Land Resources Corporation, Saul N. Davidson, Ernest S. Madison, Individually and as trustee, and Tower Farms, a general partnership, Defendants-Appellants and Cross-Appellees.

No. 79CA0405.

Colorado Court of Appeals,
Div. II.

Dec. 13, 1979.

Rehearing Denied Feb. 7, 1980.

S. Morris Lubow, County Atty., Brighton, for plaintiff-appellee and cross-appellant.

Tallmadge, Tallmadge, Wallace & Hahn, P. C., David J. Hahn, Denver, for defendants-appellants and cross-appellees Denver and Union Pacific Land Resources Corp.

Max P. Zall, City Atty., Herman J. Atencio, Asst. City Atty., Denver, for defendant-appellant and cross-appellee Denver.

Meer, Wolf & Slatkin, Albert B. Wolf, Denver, for defendants-appellants and cross-appellees Madison and Tower Farms.

RULAND, Judge.

In an action by Adams County to set aside Denver ordinances annexing property in the county, the district court set aside ordinance 569 and approved ordinance 525. We affirm.

The annexation was initiated by two petitions signed by 100% of the landowners and filed simultaneously with the city clerk. The first petition sought annexation of the land covered by ordinance 525. The second petition sought annexation of part of the land described in ordinance 525 and in ordinance 569.

I. *City's Appeal*

Denver contends that the trial court erred in setting aside ordinance 569 merely because the school board resolution approving the annexation failed to properly describe the property covered in that ordinance. We disagree.

The petitions for annexation described the property generally as "Northeast Denver Annexation" and "Northeast Denver Annexation Phase One and Phase Two." However, the school board resolution refers

to the land as the "Green Valley Ranch Annexation." The school board resolution omits part of the property described in the second petition and purportedly annexed by ordinance 569. Insofar as pertinent here, this land was described in the petition and the ordinance as the East one-half and the Southwest one-quarter of Section 15, whereas the school board resolution includes only the East one-half *of the* Southwest one-quarter of that section. This discrepancy means that the resolution omitted 400 acres.

In *Board of County Commissioners v. Denver*, 193 Colo. 325, 566 P.2d 335 (1977), the Court held that a typographical error in a description attached to a petition (which was corrected on the signature page of the petition) did not invalidate an annexation ordinance where the school board resolution, the council resolution, and the ordinance all contained the correct description. Here, however, the converse occurred. The description in the school board resolution is in error and the error is substantial. Hence, the error did operate to invalidate the ordinance.

Because we affirm the trial court's ruling on this issue, we do not address the other grounds asserted for invalidation of ordinance 569. *See Board of County Commissioners v. Denver*, 193 Colo. 321, 566 P.2d 340 (1977). There is no merit to Denver's contention that the County's challenge to ordinance 569 was untimely.

### II. *County's Cross-Appeal*

■ Ordinance 525 annexed land described in one petition and part of the land described in the second petition. The County asserts that this invalidates the ordinance. We disagree because the requisite contiguity to Denver did exist.

The petitions obviously were submitted as part of one general annexation, and the requisite one-sixth contiguity with Denver's boundary exists for the land described in ordinance 525.

■ Contrary to the County's contention, because the ordinance does not incorporate the provisions of the petitions relating to

zoning, the ordinance is not conditional. Thus, no public hearing was required. *See Board of County Commissioners v. Denver*, 193 Colo. 325, 566 P.2d 335 (1977).

Judgment affirmed.

PIERCE and BERMAN, JJ., concur.