**BERRY PROPERTIES, d/b/a Empire Cranes, Inc., a real estate partnership, et al., Plaintiffs-Appellants,**

**v.**

**The CITY OF COMMERCE CITY, COUNTY OF ADAMS, State of Colorado, a municipal corporation, et al., Defendants-Appellees.**

**Nos. 81CA0465, 81CA0521.**

Colorado Court of Appeals,
Div. I.

April 21, 1983.

As Modified on Denial of Rehearing
June 2, 1983.

Shoemaker, Wham, Krisor & Bendelow, Robert S. Wham, Susan E. Burch, Denver, for plaintiffs-appellants.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Corliss Thalley, Asst. Atty. Gen., Denver, for defendant-appellee Colorado Wildlife Com'n.

Gehler & Cohen, Ronald J. Cohen, Commerce City, for all other defendants-appellees.

STERNBERG, Judge.

The sole issue in this appeal is whether there is a right of review for parties who do not fall within the statutory provision for review of annexation actions. We affirm the trial court judgment holding that no such right of review exists.

Four separate actions were consolidated, each of which challenged the legality of certain annexations to the defendant City of Commerce City. Although the plaintiffs were property owners and taxpayers of Commerce City and property owners and taxpayers in unincorporated areas of Ad-

ams County, they were not landowners or qualified electors in the area proposed to be annexed. The underlying contention is that the property to be annexed did not comply with the eligibility requirement of one-sixth contiguity with the annexing municipality contained in § 31–12–104, C.R.S.1973 (1977 Repl.Vol. 12). The complaints and amended complaints requested that the annexation be declared void by reason of this defect, and sought a judicial declaration of the meaning of the contiguity requirement of § 31–12–104, C.R.S.1973 (1977 Repl.Vol. 12). By these actions, the plaintiffs sought to prevent their property from later being subject to unilateral annexation under § 31–12–106, C.R.S.1973 (1977 Repl.Vol. 12).

Concluding that § 31–12–116(1)(a), C.R.S. 1973 (1977 Repl.Vol. 12) controls review of annexation proceedings and that plaintiffs were not aggrieved parties as defined in that section, the court dismissed the complaints. With respect to the request for declaratory relief under C.R.C.P. 57, the court found that there was no present threat of injury and dismissed that claim as well.

## I.

Section 31–12–116(1)(a), C.R.S.1973 (1977 Repl.Vol. 12) provides that, "[i]f any landowner or qualified elector in the area proposed to be annexed ... believes itself to be aggrieved by the acts of the governing body of the annexing municipality, such [action] may be reviewed by certiorari in accordance with the Colorado Rules of Civil Procedures."

■ In the absence of an express constitutional provision to the contrary, the General Assembly has unlimited power over annexation of territories, and even a denial of the rights to notice and to vote upon annexation is not a denial of due process of law. *Board of County Commissioners v. City & County of Denver,* 193 Colo. 321, 566 P.2d 340 (1977). Annexation is a legislative function and it is within legislative competence to prescribe who may challenge annexation proceedings. *City & County of Denver v. District Court,* 181 Colo. 386, 509

P.2d 1246 (1973). The statute expressly limits the right of review to certain categories of plaintiffs. Because the plaintiffs here are not within those categories, they did not have standing to seek review. *See Westminster v. City of Northglenn,* 178 Colo. 334, 498 P.2d 343 (1972); *Richter v. City of Greenwood Village,* 40 Colo.App. 310, 577 P.2d 776 (1978); *Snyder v. City Council,* 35 Colo.App. 32, 531 P.2d 643 (1974).

Nevertheless, the plaintiffs argue that their action is not controlled by § 31–12–116, C.R.S.1973 (1977 Repl.Vol. 12). Instead, they assert that, because the City allegedly did not observe the statutory requirements, annexation was not accomplished according to the provisions of the statute. They then reason that this defect renders the annexation void and thus the statute does not apply.

■ Whether the annexation is void or voidable, when a statute creates a cause of action and designates those who may sue under it, none except those designated may sue. *See City & County of Denver v. Miller,* 151 Colo. 444, 379 P.2d 169 (1963). By its own terms, the procedure for review specified in the statute applies to all actions for review, whether the annexation is alleged to be void or voidable, and whether it be a direct or collateral attack. *See* § 31–12–116(4), C.R.S.1973 (1977 Repl.Vol. 12). Thus, this argument must fail.

Prior to amendment in 1965, the statute allowed "any person aggrieved" to seek review of any annexation proceeding. C.R.S. 1963, 139–10–6. Those plaintiffs who are residents of Commerce City arguably may have been considered "aggrieved" under that statute. *See Tanner v. Boulder,* 151 Colo. 283, 377 P.2d 945 (1962). The General Assembly has seen fit to narrow the class of plaintiffs who may seek review regardless of the degree of defect in the proceedings, and we are without authority to expand it.

## II.

We also hold the trial court was correct in dismissing the claim for declaratory relief under C.R.C.P. 57.

■ Section 31–12–116(1)(a), C.R.S.1973 (1977 Repl.Vol. 12) creates a substantive legal status for review of annexation proceedings and preempts the Rules of Civil Procedure insofar as they are inconsistent with the statute. C.R.C.P. 81(a); *City of Westminster v. District Court,* 167 Colo. 263, 447 P.2d 537 (1968). Therefore, the parties may not proceed under C.R.C.P. 57 when they would otherwise be precluded from doing so by the statute.

■ Furthermore, no genuine controversy between adverse parties of sufficient immediacy to warrant issuance of a declaratory judgment exists. *See Silverstein v. Sisters of Charity,* 38 Colo.App. 286, 559 P.2d 716 (1976). Plaintiffs sought determination of the meaning of the contiguity requirement, and also a declaration that they may later challenge the validity of the annexations which provide the necessary contiguity for later unilateral annexation under § 31–12–106, C.R.S.1973 (1982 Cum. Supp.). No such annexation is proposed at this time, nor was one proposed when the action was instituted.

The judgment is affirmed.

BERMAN and COYTE *, JJ., concur.

---

\* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI., Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1981 Cum.Supp.)