**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF JEFFERSON, State of Colorado, Plaintiff-Appellee,**

v.

**CITY AND COUNTY OF DENVER, State of Colorado, a municipal corporation; Federico Pena, in his official capacity as Mayor of the City and County of Denver; The City Council of the City and County of Denver, State of Colorado; and The Board of County Commissioners of the City and County of Denver, State of Colorado, Defendants-Appellants.**

No. 84CA1278.

Colorado Court of Appeals, Div. III.

Jan. 30, 1986.

Cile Pace, Chief Deputy Co. Atty., Golden, for plaintiff-appellee.

Robert L. Kessler, Englewood, Susan E. Burch, Stephen H. Kaplan, City Atty., Daniel B. Slattery, Asst. City Atty., Denver, for defendants-appellants.

TURSI, Judge.

In this action concerning a proposed annexation, the trial court entered a declaratory judgment holding that the City and County of Denver cannot annex territory in adjoining counties pursuant to the Municipal Annexation Act and in permanently enjoining Denver from taking land situated in Jefferson County pursuant to that Act. Denver appeals and we affirm.

On June 24, 1981, a petition signed by approximately 1,130 persons was filed with the Denver City Clerk. This petition, eventually transferred to the Denver City Council, called for an annexation election of an unincorporated territory in Jefferson County known as the Grant-Witkin parcel. A previous effort by Denver to annex this parcel was set aside. *See Board of County Commissioners v. Denver* (Colo.App. No. 79CA0251, June 20, 1980) (not selected for official publication).

The Denver City Council passed a resolution to commence action pursuant to the requirements of the Municipal Annexation Act of 1965, § 31–12–101, et seq., C.R.S., to reannex the Grant-Witkin parcel. In response to Denver's actions, the Board of County Commissioners of Jefferson County (Jefferson County) filed this action seeking declaratory and injunctive relief. Jefferson County alleged that Denver did not have the authority to act under the Munici-

pal Annexation Act because of the "Poundstone" amendment to *Colo. Const.* art. XX, § 1 and art. XIV, § 3.

Ruling on stipulated facts, the trial court granted the plaintiff's requested relief. The trial court concluded that Denver did not have authority to pursue annexation under the Municipal Annexation Act because Denver is limited by the "Poundstone" amendment to annex only as a county. In addition to its findings on the merits, the trial court specifically held that Jefferson County had standing to bring an action for declaratory and injunctive relief, that such relief was appropriate, and that the petitioners were not indispensable parties.

### I.

■■ Denver argues that the filing of the action was premature and, thus, there is no justiciable issue. The basis of Jefferson County's complaint and the ruling of the trial court, however, are grounded on substantive constitutional law. Specifically, the trial court found, and we agree, that Denver may not annex pursuant to the Municipal Annexation Act. The Poundstone amendment requires Denver to annex in accordance with *Colo. Const.*, art. XIV, § 3, which reads:

"Except as otherwise provided by statute, no part of the territory of any county shall be stricken off and added to an adjoining county, without first submitting the question to the qualified voters of the county from which the territory is proposed to be stricken off; nor unless a majority of all the qualified voters of said county voting on the question shall vote therefor.

No statutory exceptions have been enacted. Thus, we agree with the trial court that Denver's effort to annex land in Jefferson County pursuant to the Municipal Annexation Act was a sufficient manifestation of noncompliance with the constitutional mandate to create a justiciable issue. *See City*

*of Glendale v. Buchanan,* 195 Colo. 267, 578 P.2d 221 (1978).

### II.

Denver argues that Jefferson County does not have standing to bring this action. We disagree.

■ In *Wimberly v. Ettenberg,* 194 Colo. 163, 570 P.2d 535 (1977), a two-part test for standing was articulated. This test requires a plaintiff to have suffered an actual injury to a legally protected interest. The trial court correctly determined that Jefferson County would have suffered irreparable harm from the loss of taxes and other rights and benefits attendant to jurisdiction.

■ In the context of declaratory and injunctive relief, the injury suffered by Jefferson County is sufficiently real and immediate to constitute an actual injury. Additionally, this injury is one that is entitled to legal protection. *See Elkins v. City & County of Denver,* 157 Colo. 252, 402 P.2d 617 (1965); *City & County of Denver v. Miller,* 151 Colo. 444, 379 P.2d 169 (1963). Proceedings by a city to annex may be enjoined where the city is acting in excess of its powers. *See City & County of Denver v. Board of County Commissioners,* 141 Colo. 102, 347 P.2d 132 (1959). Thus, the trial court did not err in concluding that Jefferson County had standing and that Jefferson County would have suffered harm if Denver had been permitted to continue under the Municipal Annexation Act.

### III.

■ Denver also argues that Jefferson County's case should be dismissed because of a failure to join indispensable parties to this action. Denver contends that the landowners who filed the petition for annexation are indispensable parties. We disagree.

The issue whether Denver has the authority to act pursuant to the Municipal Annexation Act, as opposed to the general

annexation statutes, has no relationship to the interest of landowners of the Grant-Witkin parcel in becoming annexed to the City and County of Denver. Even if the means by which Denver may transact an annexation were relevant to the landowners' petition, the landowners are not indispensable because their interests in this matter were adequately protected by Denver. Landowners in an area to be annexed are not necessarily indispensable parties to an action challenging annexation. *See*

*Board of County Commissioners v. City & County of Denver,* 193 Colo. 321, 566 P.2d 340 (1977).

Judgment affirmed.

BERMAN and METZGER, JJ., concur.