Vlado **SLABEY** and Valerie Slabey, Plaintiffs–Appellants,

*v.*

The **COLORADO REAL ESTATE COMMISSION,** Defendant–Appellee.

No. 86CA0773.

Colorado Court of Appeals, Div. III.

May 19, 1988.

A.A. Lee Hegner, Denver, for plaintiffs-appellants.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mark P. Miller, Asst. Atty. Gen., Denver, for defendant-appellee.

HUME, Judge.

Plaintiffs, Vlado and Valerie Slabey, appeal the summary judgment entered in favor of defendant, Colorado Real Estate Commission (the Commission). We affirm.

In 1984, plaintiffs initiated an action against a licensed real estate broker in which they sought damages resulting from the broker's default in payment of his note for the purchase of plaintiffs' real property. On May 8, 1985, the trial court entered a judgment for plaintiffs in the sum of $21,000 against the broker.

After plaintiffs unsuccessfully attempted to collect their judgment against the broker, they applied for an order requiring the Commission to pay that judgment from the real estate recovery fund (Fund) pursuant to § 12–61–301, et seq., C.R.S. (1986 Repl. Vol. 5). It is undisputed that the Commission was first notified of plaintiffs' claim against the broker on August 6, 1985, when plaintiffs applied for recovery from the Fund.

The Commission responded to plaintiffs' application by generally denying plaintiffs' claim and, as an affirmative defense, alleging that: "Plaintiffs have failed to meet the prerequisites of section 12–61–301, C.R.S. (1978) for payment." Although the Commission did not plead lack of notice as an affirmative defense in its responsive pleading, it later filed a motion for summary judgment seeking dismissal of plaintiffs' claim because they had failed to give the notice required by § 12–61–303(1).

That statute provides:

"When any person commences an action for a judgment which may result in an order for payment from the fund, the person *shall* notify the real estate commission in writing of the commencement of the action." Section 12–61–303(1), C.R.S. (1986 Repl. Vol. 5) (emphasis added).

The trial court granted the Commission's motion for summary judgment on the ground that the notice requirement is a condition precedent to an order for payment from the Fund. The court concluded that the plaintiffs' failure to give notice was a jurisdictional defect that was fatal to their application.

Plaintiffs argue that the notice provision is a limitation on their right to commence an action against the Fund which must be raised as an affirmative defense in a pleading rather than by motion. We disagree.

■ The statutory notice requirement arguably may be considered an affirmative defense. *See Nowakowski v. District Court*, 664 P.2d 709 (Colo.1983); *cf. Jones v. Northeast Durango Water District*, 622 P.2d 92 (Colo.App.1980); *see also Lee v. Colorado Department of Health*, 718 P.2d 221 (Colo.1986). However, even if the notice requirement is considered an affirmative defense, it may nevertheless be raised by motion for summary judgment, and the Commission's inclusion of the notice defect in its motion is deemed to be incorporated in its responsive pleading for the purpose of technical compliance with C.R.C.P. 8(c) and 9(c). *See Cox v. Pearl Investment Co.*, 168 Colo. 67, 450 P.2d 60 (1969); *Mountain Gravel & Construction Co. v. City of Cortez*, 721 P.2d 698 (Colo.App.1986).

■ Furthermore, whether the notice requirement is jurisdictional or not, § 12–61–303(1) imposes a mandatory burden upon plaintiffs affirmatively to give notice to the Commission at the time they commence an action which might subsequently impact the Fund. The real estate recovery fund act creates a right against a state agency not existing at common law and requires that certain conditions be met by persons seeking its benefits. Strict compliance with such statutory conditions is mandatory. *See Fritz v. Regents of University of Colorado*, 196 Colo. 335, 586 P.2d 23 (1978); *Fort Collins Water District v. Fort Collins*, 174 Colo. 79, 482 P.2d 986 (1971).

Accordingly, the summary judgment is affirmed.

STERNBERG and METZGER, JJ., concur.