William G. ALBRECHT, S. Edward Stoner and Jay Stoner, Third–Party Plaintiffs–Appellants,

v.

David L. PARKER, Third–Party Defendant,

and

Real Estate Commission of the State of Colorado, Third–Party Defendant–Appellee.

No. 89CA1328.

Colorado Court of Appeals, Div. A.

July 26, 1990.

Rehearing Denied Aug. 30, 1990.

Certiorari Denied Dec. 17, 1990.

Allen, Rogers, Metcalf & Vahrenwald, Donald E. Johnson, Jr., J. Brian McMahill, Fort Collins, for third-party plaintiffs-appellants.

No Appearance for third-party defendant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Nancy A. Hopf, Asst. Atty. Gen., Denver, for third-party defendant-appellee.

Opinion by Chief Judge STERNBERG.

This action began as a proceeding to recover on a promissory note but now concerns only a claim against the Real Estate Commission of Colorado in which compensation is sought from the Colorado Real Estate Recovery Fund. The claimants, William G. Albrecht, S. Edward Stoner, and Jay D. Stoner, appeal the summary judg-

ment entered against them and in favor of the Commission. We affirm.

In 1986, claimants were, among others, named as defendants in an action on a certain promissory note which they had signed. Among the other defendants was David L. Parker, a real estate broker and a purchaser of the property securing the note. After his purchase, Parker also sold the property but he did not pay the note out of the proceeds he received from that sale.

On July 1, 1987, the claimants filed a third-party complaint in the pending suit against Parker, alleging fraud. On December 17, after a trial to the court, judgment was entered against Parker for $30,000 in compensatory and $30,000 in exemplary damages.

It was not until January 5, 1988, however, that the claimants notified the Commission that they had commenced a civil action which might result in an order for payment from the fund. On August 19, 1988, this court dismissed Parker's appeal of the judgment against him. On October 24, 1988, the claimants filed their application for recovery from the Commission, and on January 3, 1989, the Commission responded to the claim by asserting, *inter alia*, that the claimants had failed to provide proper notice to the Commission.

On cross-motions for summary judgment, the trial court ruled in favor of the Commission, finding that the claimants had not timely filed notice of claim. This appeal followed.

The sole issue raised by the claimants is whether they provided timely notice to the Commission under § 12–61–303(1), C.R.S. (1989 Cum.Supp.). We conclude that they did not.

In pertinent part, that statute provides: "When any person commences an action for a judgment which may result in an order for payment from the fund, the person shall notify the real estate commission in writing of the commencement of the action."

It is undisputed that the claimants filed their third-party complaint against Parker

on July 1, 1987; however, they did not notify the Commission of their action until January 5, 1988, some three weeks after entry of judgment against Parker.

At the outset, we reject the claimants' argument that § 12–61–303(1) is ambiguous. The statute provides in straight-forward explicit language that when any person commences an action for a judgment which may result in an order for payment from the fund, that person shall notify the Commission in writing of the commencement of the action. Since the language of the statute is plain and unambiguous, construction is unnecessary. *Lassner v. Civil Service Commission*, 177 Colo. 257, 493 P.2d 1087 (1972).

We view the reasoning in *Slabey v. Colorado Real Estate Commission*, 762 P.2d 734 (Colo.App.1988) as dispositive. There, the Commission was first notified when claimants applied for recovery from the fund, three months after a trial court had entered judgment in their favor. The court held:

"[Section] 12–61–303(1) imposes a mandatory burden upon plaintiffs affirmatively to give notice to the Commission *at the time they commence an action which might subsequently impact the Fund.* The real estate recovery fund act creates a right against a state agency not existing at common law and requires that certain conditions be met by persons seeking its benefits. Strict compliance with such statutory conditions is mandatory." (emphasis added)

The claimants attempt to distinguish *Slabey* by noting that no claim was filed in that case prior to the application for funds, whereas notice was provided here on January 5, 1988, but funds were not claimed until October 24, 1988. We view this as a distinction without a difference because the operative fact in both cases is that no notice was given to the Commission until well after the lawsuit precipitating the claim was filed. We therefore reject the claimants' argument.

We hold that, as a matter of law, the six-month delay between the beginning of the claimants' action against Parker and their notice to the Commission does not meet the statutory requirement that notice be given when a person "commences an action." Accordingly, the trial court properly granted the Commission's motion for summary judgment. *See Abrahamsen v. Mountain States Telephone & Telegraph Co.*, 177 Colo. 422, 494 P.2d 1287 (1972).

Because of our disposition on this issue, we need not consider the claimants' argument that the judgment against Parker was not "final" until after his appeal had been dismissed on August 19, 1988, rather than on December 17, 1987, the date it was entered.

The judgment is affirmed.

COYTE and VAN CISE, JJ.,* concur.