No. 24906

Rudolf Lassner v. Civil Service Commission of the State of Colorado; Colorado State Hospital, and Philip J. Reynolds, Director of Personnel, Colorado State Hospital
(493 P.2d 1087)

Decided February 14, 1972.

258

John D. MacFarlane, for plaintiff-appellant.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Richard D. Robb, Assistant, for defendants-appellees.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Appellant, Lassner, was chief psychologist for the mental retardation center of the Colorado State Hospital until November 10, 1969, when he was terminated by the hospital's director of personnel — appellee — Reynolds. The reasons given for his dismissal were (1) an unsatisfactory job performance rating and rerating (Civil Service Commission Rules and Regulations XIII-B-2); (2) violation or failure to comply with agency rules (Civil Service Rules and Regulations XI-C-2(a)); and (3) the good of the service (Civil Service Rules and Regulations XI-C-2(s)). On appeal to Civil Service Commission the dismissal was affirmed. Thereafter review was had in the district court pursuant to 1969 Perm. Supp., C.R.S. 1963, 3-16-5. A judgment upholding the Commission was entered there and the legality of the discharge is challenged here.

Appellant's first argument is that Colo. Const. art. XII, § § 13, requires a hearing *prior* to a discharge of an employee subject to civil service regulation. We do not reach that constitutional question, however, because disposition of the appeal is determined upon another ground. *See Murray v.*

*Commissioners,* 67 Colo. 14, 185 P. 262 (1919).

■ The second issue raised by appellant involves the extent of an appellate court's power in reviewing the evidence presented at an administrative hearing. Under section 3-16-5(7), *supra,* the reviewing court shall hold unlawful and set aside agency action "[i]f it finds that the* * * action is* * * unsupported by substantial evidence when the record is considered as a whole* * * *" We have not had occasion to construe this language heretofore. However, where the natural significance of a clause is plain and unambiguous and involves no absurdity, construction is unnecessary. *See Civil Serv. Emp. v. Love,* 167 Colo. 436, 448 P.2d 624 (1968).

■ In the instant case, it is clear that the lower court did not review the ⸱ proceeding before the commission in the manner required. The court stated that "in at least [certain] particulars, the findings and order of the commission [were] sustained by competent evidence* * * *" The court then detailed certain portions of the testimony as supporting the commission's findings. Prior to an amendment of the Colorado Administrative Code in 1969, section 3-16-5, *supra,* reviewing courts were required to uphold an administrative determination unless the result was "unsupported by the evidence." That language was changed in 1969 and the new section requires the agency action to be supportable by substantial evidence when the record is considered as a whole. We consider the significant change to mean that if there is only *some evidence* in *some particulars,* it is insufficient to justify affirmance of the discharge of a civil service protected employee.

■ Since the review in the lower court was only of the transcript and exhibits presented at the commission hearing, we are in as good a position as the district court to review the record, and need not remand the case back to the lower court for such a determination. *See Geer v. Stathopulos,* 135 Colo. 146, 309 P.2d 606 (1957). After a thorough review thereof, we are convinced that appellant's dismissal cannot stand. Without detailing the testimony, it is obvious that the

evidence on the specific charges was technical and trivial and is not supportive of substantial cause on the whole record. On the other hand the record reveals a personality conflict existed between appellant on one side, and his superior and a few co-workers of equal status on the other. This situation was aggravated by appellant's heavy foreign accent, which increased misunderstanding. The holding in *Commission v. Conklin,* 138 Colo. 528, 335 P.2d 537 (1959), describes our view of the agency action herein:

"The Commission's order of removal is in no way predicated on any of the charges against which Conklin was required to answer and defend, but is based entirely on findings of loss of confidence between the Board and Conklin, lack of tact, diplomacy and self-control to meet the 'situation' (loss of confidence), has irritated members of the Board and aggravated an unfortunate situation. Conklin was never charged with these matters and *had he been so charged they do not constitute sufficient grounds for his removal.*"

\* \* \*

"\* \* \* it was improper to remove him for reasons that were not valid legal grounds for removal."
(Emphasis added.)

Judgment reversed and cause remanded with directions to order appellant's reinstatement with all entitlements.

MR. JUSTICE ERICKSON not participating.