500 P.2d 1184 (1972)
George H. LIDKE et al., Plaintiffs-Appellees,
v.
Ruth M. MARTIN et al., Defendants-Appellants.
No. 71-202.
Colorado Court of Appeals, Div. II.
May 16, 1972.
Rehearing Denied May 31, 1972.
Holley, Boatright & Villano, George Alan Holley, Wheat Ridge, for plaintiffs-appellees.
Aldo G. Notarianni, and Kenuff D. Wolford, Denver, for defendants-appellants.
Selected for Official Publication.
ENOCH, Judge.
This action was brought by certain residents of Hillcrest Heights Subdivision in Jefferson County to enjoin defendants from erecting two apartment buildings on the back portion of a platted lot owned by defendants and located in the same subdivision. The trial court entered judgment for plaintiffs on the grounds that the proposed apartment buildings would violate the subdivision's protective covenants and that defendants' use of a portion of two adjacent lots for access to the apartment would render those lots in violation of the zoning ordinance. We affirm this judgment.

I.
The trial court based its conclusion that defendants' proposed apartment *1185 buildings would violate the subdivision's protective covenants upon the following clause of the covenants:
"A. All lots in this subdivision shall be Residential One (R-1) only. No structure shall be erected, altered, placed, or permitted to remain on any lot other than one detached single-family dwelling not to exceed two and one-half stories in height, a private garage for not more than three cars, and other outbuildings incidental to residential use only."
Defendants concede that, if otherwise valid, this clause standing alone would prohibit the construction of the proposed apartment buildings. They contend, however, that another clause in the restrictive covenants incorporates existing zoning regulations into the covenants and since their property was rezoned to a zoning classification that allows apartment buildings, the apartment buildings would not violate the protective covenants. The clause relied on by defendants provides as follows:
"L. None of the foregoing shall be construed as conflicting with any terms or regulations of the present or future Jefferson County zoning ordinance which shall form a part of this instrument and shall govern their use of all land herein described."
We do not agree with defendants that this clause allows a resident to make any use of his property permitted under applicable zoning regulations. Read as a whole, the protective covenants envision and provide for a single-family residential subdivision. To interpret Clause L in the manner argued for by defendants would render these other covenants meaningless and allow their circumvention. Actually, Clause L provides a rule of construction for the covenants, the effect of which is to incorporate those portions of the applicable zoning ordinances which provide more restrictive standards than the covenants or which prescribe regulations not covered by the covenants. This result is consistent with section 31 of the applicable zoning ordinance which provides:
". . . It is not intended by this Resolution to interfere with or abrogate or annul any easements, covenants or agreements between parties, provided, however, that wherever this Resolution imposes a greater restriction upon the use of buildings or land or upon the location or height of buildings or structures or required larger open spaces about buildings than are imposed or required by other laws, resolutions or by easements, covenants or agreements between parties, the provisions of this Resolution shall govern."
In this case, the new zone permitted the construction of apartment buildings. However, the covenants are controlling because they require a more restrictive use of the land than is permitted under the applicable zoning requirements.

II.
Defendants' proposed plans for the apartment buildings included access by means of a 25-foot easement across two adjacent residential lots in the same subdivision. The access road in question would involve the use of 10 feet of the side yard of one lot and 15 feet of the side yard of the other lot. Plaintiffs contend that the easement area reduces the area of the residential lots and renders said lots nonconforming under the applicable zoning restrictions. Defendants argue that the easement area should be included in the area of the two lots because it is a "private driveway." We find no merit in this contention and agree with the trial court that the area occupied by the easement cannot be considered a part of the two adjacent lots for the purpose of determining compliance with zoning area requirements. If the easement had been dedicated to public use in accord with C.R.S.1963, 120-1-1, no valid claim could have been made for its inclusion in the required lot areas. Under the circumstances of this case, the fact that the easement was to remain "private" does not change this result. The effect of a roadway upon the area of a lot is not dependent upon its technical ownership, *1186 but upon its use. Where a private easement, as in the present case, is to be used by a large number of persons as the only access to two apartment buildings, it is the functional equivalent of a public street, and should be given the same effect in determining area requirements. See Loveladies Property Owners Ass'n v. Barnegat City Service Co., 60 N.J.Super. 491, 159 A.2d 417.

III.
Defendants also alleged as error the trial court's findings that the plaintiffs were not estopped from objecting to the proposed apartment buildings and that the protective covenants were not waived and abandoned by plaintiffs. In each case, there is evidence supporting the trial court and, accordingly, we must affirm its determinations.
We have examined the other alleged errors and find them to be without merit.
Judgment affirmed.
COYTE and SMITH, J., concur.