Jack Kintslinger Executive Director, Dept. of Highways 4201 East Arkansas Avenue Denver, CO 80222
Dear Mr. Kintslinger:
This opinion responds to your request for advice as to whether any changes are required in highway budgetary procedures as a result of the amendatory language contained in Senate Bill 407 and House Bill 1501.
QUESTION PRESENTED AND CONCLUSION
Are any changes required in highway budgetary procedures as a result of the amendatory language contained in Senate bill 407 and House bill 1501?
 It is my conclusion that Senate bill 407 and House bill 1501 make no substantive change in existing law and require no changes in the present highway budgetary procedures.
ANALYSIS
Senate Bill 407 amended C.R.S. 1973, 43-4-208(1) to read as follows: (amendatory language indicated in capitals)
 After the payments required by law have been made to the highway crossing protection fund, after the cost of the Colorado State Patrol AND SUCH OTHER COSTS OF THE DEPARTMENT, EXCLUSIVE OF HIGHWAY CONSTRUCTION, HIGHWAY IMPROVEMENTS, OR HIGHWAY MAINTENANCE, as ARE appropriated by the General Assembly have been paid, and after allocation as provided by Sections 43-4-206 and 43-4-207 has been made, . . . .
House bill 1501, the revisor's bill, added the same amendatory language to sections C.R.S. 1973,43-4-206 and 43-4-207.
Part 2 of article 4 of title 43 provides the statutory scheme for highway users tax funds. 43-4-204 establishes that "all monies in the highway users tax fund are appropriated" for road purposes including administration of the state highway system. Further, 43-1-219 states that all monies paid into the state highway fund "shall be available immediately"without further appropriation, for the purposes of such fund as provided by law." These sections have not been amended by the legislature.
In order to determine that the amendments contained in Senate bill 407 and House bill 1501 have effected a change in the highway budgetary procedures it would be necessary to find that the above described sections had been amended by implication. Such amendments by implication are not favored by the courts, and it is the duty of the court to construe the statutory sections so that any inconsistency will be avoided if possible. Peoplev. James 178 Colo. 401, 497 P.2d 1256 (1972).
Any apparent inconsistency between sections 43-1-219, 43-4-204, and the amended sections 43-4-206, 207 and 208, can be avoided by the following interpretation. The amending language merely recognizes that certain highway funds are appropriated by the legislature in addition to appropriations to the highway crossing protection fund and the Colorado State Patrol. Examples of highway users tax funds which require specific legislative appropriation include appropriations for the Elderly and Handicapped Program, see 43-1-601 (Supp. 1978); expenditures from a special account within the highway users tax fund for motor vehicle emission control activities, 42-4-302(4)(d) (Supp. 1978); expenditures from a special account within the highway users tax fund for the purpose of paying costs of the administration and enforcement of the safety inspection program, 42-4-303(4)(a) (supp. 1978); and appropriations from the state allocation of the highway users tax fund to the Division of Parks and Outdoor Recreation as necessary to construct and maintain roads in state recreational areas and parks, 33-30-110(4).
The above analysis harmonizes the amendatory language of sections 206, 207 and 208 with the existing statutory scheme for appropriations from the highway users tax fund and eliminates any seeming inconsistency within those sections, thus no amendment of section 43-4-204 and 43-1-219 is required by implication. Since the amended section is clear and unambiguous, no recourse to legislative intent is required. Lassner v. CivilService Commission 177 Colo. 257, 493 P.2d 1087 (1972).
SUMMARY
Therefore, it is my conclusion that Senate bill 407 and House bill 1501 make no substantive change in existing law and require no changes in the present highway budgetary procedures.
Very truly yours,
 J.D. MacFARLANE Attorney General
APPROPRIATIONS TAXATION AND REVENUE HIGHWAYS
C.R.S. 1973, 43-4-208(1) (1979 Colo. Sess. Laws) C.R.S. 1973, 43-4-206 (1979 Colo. Sess. Laws) C.R.S. 1973, 43-4-207 (1979 Colo. Sess. Laws)
HIGHWAYS, DEPT. OF Administration
S.B. 407 and H.B. 1501 (1979) make no substantive change in existing law and require no changes in highway budgetary procedures.