**CRESTVIEW WATER AND SANITATION DISTRICT, Plaintiff-Appellee,**

**City of Lakewood, acting by and through its Board of Water and Sewer Commissioners, Plaintiff-Intervenor-Appellee,**

**v.**

**BOARD OF DIRECTORS OF and the METROPOLITAN DENVER SEWAGE DISPOSAL DISTRICT NO. 1, et al., Defendants-Appellees,**

**and**

**City and County of Denver, William E. Smith, Joseph R. Albi, Nicholas Borelli, Jose Castello, Harold V. Cook, David L. Ereckson, C. Herbert Griffin, Theodore O. Hammond, Anthony H. Jansen, A. Dean Lund, Hazen E. Moore, Thomas I. Peabody, George C. Rupert, Joyce R. Salmon, Jerome Zohn and Andrew Armatas, individually and as members of the Board of Directors of Metropolitan Denver Sewage Disposal District No. 1, Intervenors-Appellants.**

No. 79CA0797.

Colorado Court of Appeals,
Div. I.

Dec. 31, 1981.

Arnold Alperstein, Ronald C. Forman, Donald W. Alperstein, Denver, for plaintiff-appellee Crestview Water and Sanitation Dist. and Bernie Miller.

Inman & Flynn, P. C., John J. Flynn, Jr., Denver, for defendant-appellee Metropolitan Denver Sewage Disposal Dist. No. 1.

Calkins, Kramer, Grimshaw & Harring, Martha B. Taylor, Richard Harring, Denver, for defendants-appellees Bancroft-Clover Water and Sanitation Dist., East Lakewood Sanitation Dist., Fred E. Hendrickson and Randolph Aemmer.

Robinson & Scheurer, P. C., Richard J. Scheurer, Lakewood, for defendants-appellees Alameda Water and Sanitation District, Fruitdale Sanitation District, Boris Voukovitch and Richard Beckfeld.

Henry & Henry, James C. Henry, Lakewood, for defendants-appellees City of Lakewood and Hubert D. Henry.

Max P. Zall, City Atty., George J. Cerrone, Jr., John R. Palermo, Asst. City Attys., Denver, for intervenors-appellants.

STERNBERG, Judge.

The City and County of Denver, intervenor, appeals the judgment instructing the defendant Metropolitan Sewage Disposal District to reapportion itself. The principal issue is the interpretation of the terms "municipality" and "city" as used in § 32–4–509, C.R.S.1973, for purposes of determining representation of the board of directors of the district. We affirm.

The board consists of representatives of some, but not all, of the various districts that chose to become a part of a centralized sewage disposal network known as the Metropolitan Sewage Disposal District (Metro). Section 32–4–509(2)(d), C.R.S.1973, requires the board to reapportion itself every two years. When the board did not do so in 1979, this suit was brought. Thereupon the board did reapportion itself. The plaintiffs, Crestview Water & Sanitation District and the City of Lakewood, persisted in the suit, contending that the board had not complied with the statute because it failed to include the entire population of Lakewood, but rather only considered that part of Lakewood that was actually served by Metro.

At the time pertinent here, the population of the City of Lakewood was 130,355; however, Lakewood supplied sewage services only to 21,425 people. Section 32–4–509(2)(a), C.R.S.1973, provides that the board of directors of Metro shall consist of one member from each municipality for each 25,000 population or fraction thereof, plus one member for each additional 25,000 population or fraction thereof. Section 32–4–509(2)(b), C.R.S.1973, relates to determining the population of cities. Section 32–4–509(2)(c), C.R.S.1973, then provides that representation on the board of directors of sanitation "districts" is to be determined by multiplying 3.8 times the number of either water taps or sewer connections within the district. Thus, if Lakewood were considered to be a district, and the determination of its representation were computed by multiplying taps times 3.8, the representation would be considerably less than that provided by considering Lakewood a municipality or a city.

The trial court concluded that, since Lakewood actually was a municipality and a city, the language of subsection (a) would apply; however, there was the further complicating factor that some areas in Lakewood were receiving sewer service through special districts which already had representation on the board. For this reason, and at the urging of all parties, the population of areas within the corporate limits of Lakewood being provided sewer service by districts already a member of Metro was subtracted from the total. This led to an adjusted total population figure for the City of Lakewood of 85,000.

■ Denver appeals on several grounds. It attacks the data used to determine the population figures of Lakewood and other districts, contends that Lakewood was not properly a member of the board, and argues that the final order overreached the trial court's power. We find no merit in any of these contentions.

■ The basic issue is the claim that, to determine its representation on the board, Lakewood should be treated as a district under subsection (c) rather than as a municipality or city under subsections (a) and (b). Numerous rules of statutory interpretation are advanced urging the logic of such interpretation; none, however, avoid the fact that the General Assembly used the

word "municipality" in subsection (a) and the word "city" in subsection (b). Courts may not speculate on the purpose of a statute where the language employed is clear. *Tompkins v. DeLeon*, 197 Colo. 569, 595 P.2d 242 (1979). Hence, we must accord the usual meaning to the words "municipality" and "city." And, we may not interpret the statute so that Lakewood, a city, is treated as a "district." "[W]here the natural significance of a clause is plain and unambiguous and involves no absurdity, construction is unnecessary." *Lassner v. Civil Service Commission*, 177 Colo. 257, 493 P.2d 1087 (1972).

If it is felt that applying this statute so as to accord Lakewood representation as a city, rather than as a district, is unfair, the remedy is with the General Assembly. A statutory category can be provided to cover representation of member municipalities that provide sewer treatment for less than all of their inhabitants; for us to provide such category would constitute judicial legislation. *See Tompkins v. DeLeon, supra.*

The judgment is affirmed.

COYTE and KIRSHBAUM, JJ., concur.