**The PEOPLE of the State of Colorado, Obligee–Appellee,**

**In the Interest of COUNTY OF SONOMA on Behalf of J.S., a minor child,**

v.

**Jeffrey Ward HOLLERON, Obligor–Appellant.**

**No. 89CA1482.**

Colorado Court of Appeals, Div. V.

June 28, 1990.

Rehearing Denied Aug. 23, 1990.

Robert R. Gallagher, Jr., Dist. Atty., Lisa Z. Koch, Deputy Dist. Atty., Littleton, for obligee-appellee.

Eugene E. Drake, P.C., Eugene E. Drake, Castle Rock, for obligor-appellant.

Opinion by Judge DUBOFSKY.

Jeffrey Ward Holleron, the obligor, appeals the summary judgment declaring him the father of J.S. entered on motion of the People. We affirm.

In an action under the Uniform Reciprocal Enforcement of Support Act, Sonoma County, California, initiated an action in that state to recover expenses incurred and to be incurred supporting J.S., a resident of that county. Since the obligor resided in Colorado, this action was subsequently initiated in 1987 under the Colorado Revised Uniform Reciprocal Enforcement of Support Act, § 14–5–101, et seq., C.R.S. (1987 Repl.Vol. 6B) (RURESA). By it, the obligee, the People of the State of Colorado, sought a determination that obligor is the father of J.S., who was born in November 1979, and further sought payment of support from him.

Obligee moved for a summary judgment on the paternity issue. Obligor did not then dispute the facts asserted by the obligee in support of the motion, e.g., mother's declaration of obligor's paternity and the results of a genetic test which found a 99.74 percent likelihood that he is J.S.'s father. He argues, however, that the obligee is barred from bringing a paternity action because of the applicable statute of limitations. We disagree.

■ Although this action is brought under RURESA, the statutory requirements of the Uniform Parentage Act, § 19–4–101, et seq., C.R.S. (1989 Cum.Supp.) (U.P.A.) must be followed in a proceeding to determine the paternity of a child. *See People in Interest of R.T.L.*, 780 P.2d 508 (Colo. 1989); *In re Marriage of De La Cruz*, 791 P.2d 1254 (Colo.App.1990).

In 1979, when J.S. was born, the U.P.A. statute of limitations stated:

"An action to determine the existence of the father and child relationship as to a child who has no presumed father under section 19–6–105 may not be brought later than three years after the birth of the child.... However, an action brought by or on behalf of a child whose paternity has not been determined is not barred until three years after the child reaches the age of majority."

Colo.Sess.Laws 1977, ch. 245, § 19–6–108 at 1012.

The U.P.A., however, as written in 1979, did not name the state as a party that could initiate an action to determine a father and child relationship. *See* Colo.Sess.Laws 1977, ch. 245, § 19–6–107(3) at 1012.

In 1985, the U.P.A. was amended to include the state as an interested party which

could bring a paternity action. Colo.Sess. Laws 1985, ch. 132, § 19–6–107(2) and (3) at 596. Also in 1985, the statute of limitations for bringing an action by the mother and county was extended from three years after the child's birth to eighteen years after the child's birth. Colo.Sess.Laws 1985, ch. 132, § 19–6–108 at 596. These statutory provisions are now found at §§ 19–4–107 and 19–4–108, C.R.S. (1989 Cum.Supp.), respectively. The parties do not argue, nor do we address, the applicability of amendments to these sections enacted subsequent to the commencement of this action.

■ Obligor argues that the state is barred by the three-year statute of limitations. We disagree.

In *Jefferson County Department of Social Services v. D.A.G.*, 199 Colo. 315, 607 P.2d 1004 (1980), the court addressed a similar question regarding an amendment to the statute of limitations provision of the paternity statute. The court held that an amendment to a statute which would extend the statute of limitations, so as to revive an already existing action, was prohibited, but held that the General Assembly can create new remedies for an injury where none existed before. Specifically, a child, who could not bring an action under the prior paternity statute was not barred by the former statute of limitations which applied to the county and mother, and thus, the child benefited from the new statute of limitations which was to be applied retroactively. The court stated:

"The prior statute of limitations did not bar a suit by the child, as the child could not institute an action under the prior paternity statute, and thus, there is no revival of a previously barred action. The U.P.A. merely creates a remedy which the child did not possess."

■ Although changes in statutes are presumed to be prospective in application, § 2–4–202, C.R.S. (1980 Repl.Vol. 1B), we do not find that this rule of construction applies to amendatory language concerning remedies. *See Krumback v. Dow Chemical Co.*, 676 P.2d 1215 (Colo.App.1983). As stated in *Kardoley v. Colorado State Personnel Board*, 742 P.2d 934 (Colo.App. 1987):

"*Unless a contrary intent is expressed* in the statute, changes in procedural law are applicable to existing causes of action and not merely to those which may accrue in the future.... [P]rocedural statutes ... relate ... to remedies or methods of procedures." (emphasis added)

*See Lambard v. Saga Food Service, Inc.*, 127 Mich.App. 262, 338 N.W.2d 207 (1983); *Morford v. Yong Kyun Cho*, 732 S.W.2d 617 (Tenn.App.1987).

It should be noted that the parties here do not challenge the fact that J.S., as the purported child of obligor, has an independent right to commence a paternity action which is distinct from the state's or her mother's. The applicable statute of limitations for J.S., at the time of her birth in 1979, was, and is now "three years after the child reaches the age of majority." Colo.Sess.Laws 1977, ch. 245, § 19–6–108 at 1012. That statute of limitations had not run at the time the state gained the right to bring this claim. Thus, the obligor has been on continual notice of a potential claim to establish paternity and the demand for child support.

Furthermore, obligor, as J.S.'s father, has an ongoing responsibility to provide for her for the period in which she could bring an independent action against him. *See* § 19–6–116, C.R.S. (1986 Repl.Vol. 8B).

Thus, we conclude that the 1979 statute of limitations, which did not apply to the State of Colorado, does not bar this action. We, therefore, find that the state is benefited by the eighteen-year statute of limitations, and the trial court did not err in granting the state's motion for summary judgment.

We do not address obligor's challenge to the constitutionality of the amendments to §§ 19–4–107 and 19–4–108, because we lack jurisdiction to consider this issue. Section 13–4–102(1)(b), C.R.S. (1987 Repl.Vol. 6A); *Kollodge v. Charnes*, 741 P.2d 1260 (Colo. App.1987).

To the extent that we have jurisdiction of the issues raised, the judgment is affirmed.

CRISWELL and DAVIDSON, JJ., concur.