**Kim MAGNESS, Plaintiff–Appellant,**

**v.**

**STATE of Colorado, acting By and Through the DEPARTMENT OF HIGHWAYS (STATE HIGHWAY COMMISSION), Defendant–Appellee.**

**No. 91CA1892.**

Colorado Court of Appeals,
Div. II.

Dec. 3, 1992.

Jack Levine, P.C., Jack Levine, Denver, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Harry S. Morrow, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge RULAND.

Plaintiff, Kim Magness, appeals from the judgment of the district court upholding the determination of the Administrative Law Judge (ALJ) that the Department of Highways (Department) properly approved

a limited access permit to plaintiff for Belleview Avenue. We affirm.

Plaintiff owns a large tract of land on the south side of Belleview Avenue in the City of Greenwood Village. Belleview was originally constructed as a two-lane street for access to this area. However, construction plans were approved by the Department to widen Belleview to a four-lane highway divided by a raised median.

Prior to commencement of the construction project, plaintiff and three other property owners in the same area were using a portion of vacated Colorado Boulevard as access from their properties to turn either right (east) or (west) left onto Belleview. Upon learning of the construction project, plaintiff inquired as to the likelihood of obtaining a "full movement" (left and right turns) access permit at vacated Colorado Boulevard in connection with the project to widen Belleview.

Plaintiff was informed by a right-of-way agent from the Department that a full movement access at vacated Colorado Boulevard would not be granted because it was too close to a planned full movement intersection at Albion Street. The agent suggested that plaintiff might have a better chance to obtain access at a location further to the west.

Plaintiff filed an application for a full movement access permit 495 feet west of vacated Colorado Boulevard at a point approximately 880 feet west of the Albion Street intersection. He committed to providing a roadway across his property enabling the other property owners to reach this new access location. If all the other property owners agreed, the access at vacated Colorado Boulevard was to be closed once the new access was granted. The area to be served by the new access contained four residences, and it had a potential under then current Greenwood Village regulations for construction of nine additional residences.

Greenwood Village approved the proposed access plan and forwarded the application to the Department for review pursuant to the State Highway Access Code. *See* 2 Code Colo.Reg. 601–1 § 2.4.6. The

Department reviewed the application and approved the permit limited to right turns in and right turns out only. This limitation required vehicles leaving plaintiff's property to make a U-turn on Belleview at Albion Street in order to proceed west on Belleview. Vehicles proceeding west on Belleview would have to make a U-turn at Steele Street in order to access plaintiff's property.

Plaintiff appealed, and a hearing was held before an ALJ. The ALJ affirmed the issuance of the limited access permit as consistent with the provisions of the Highway Access Code concerning private direct access to a category three highway. Category three highways:

have the capacity for medium to high speeds or medium to high volume traffic movements over medium and long distances in a efficient and safe manner, providing for inter regional, intercity, and intracity travel needs. Direct access service to abutting land is subordinate to providing service to traffic movement.

2 Code Colo.Reg. 601–1 § 3.6.1 (1985).

The design standards for category three highways provide that private direct access:

shall be limited to right turns only unless, (1) the access does not have the potential for signalization, (2) a left turn would not create unreasonable congestion or safety problems and lower the level of service and, (3) in the determination of the issuing authority, alternatives to the left turn would cause unacceptable traffic operation and safety problems on the general street system.

2 Code Colo.Reg. 601–1 § 3.6.3.c. (1985).

Plaintiff appealed the ALJ's decision to the district court, and the district court affirmed the ALJ's decision.

I.

Plaintiff first argues that the Highway Access Code is unconstitutional on several grounds.

## A.

■ Plaintiff argues that the enabling act for the Highway Access Code violates Colo. Const. art. V, § 39, because it unlawfully delegates the law-making function to an administrative agency. We lack jurisdiction to review this contention. *People In the Interest of County of Sonoma,* 797 P.2d 806 (Colo.App.1990); *see* § 13–4–102(1)(b), C.R.S. (1992 Cum.Supp.) (effective for notices of appeal filed on or after July 1, 1992).

## B.

Plaintiff argues that the Code as applied here violates the principles of equal protection by dividing access permit applications into private and public categories. This scheme, he maintains, lacks a rational basis and is therefore unconstitutional. We do not agree.

■ The equal protection clauses of the Fourteenth Amendment and Colo. Const. art. II, § 25, require persons similarly situated to be treated equally. Requirements for access to a category three highway from a public street under the Code are different than the requirements for private access. *Cf.* 2 Code Colo.Reg. 601–1 § 3.6.5 and 2 Code Colo.Reg. 601–1 § 3.6.3.

■ If we assume, for purposes of the constitutional challenge, that this creates a type of classification, it is, nevertheless, subject to the lowest level of scrutiny. That is, the classification is presumed constitutional and will be upheld if it bears a rational relationship to legitimate governmental objectives. *Bath v. Colorado Department of Revenue,* 758 P.2d 1381 (Colo.1988).

Under the rational basis standard of review, a classification must be rationally founded on real, and not illusionary, differences reasonably related to a legitimate state interest. *Tassian v. People,* 731 P.2d 672 (Colo.1987).

■ The state interests served by the Code are protection of the public health, safety, and welfare, maintenance of smooth traffic flow, maintenance of highway right-of-way drainage, and protection of the functional level of public highways. These interests are impacted differently by private access than by public access because of differences in vehicle loads, traffic patterns, and other considerations. Hence, we conclude that any distinction created by the Highway Access Code for private direct access as applied here is rationally related to the objectives of the Code.

## C.

As to plaintiff's remaining constitutional claims, even if we assume they are not limited to a challenge to the facial constitutionality of the Highway Access Code, those contentions were not raised in the trial court and, thus, will not be addressed for the first time on appeal. *Wilson v. Board of County Commissioners,* 703 P.2d 1257 (Colo.1985).

## II.

■ Plaintiff also contends that certain procedural safeguards contained in the Code were not followed relative to his application. He claims that his full movement access permit was denied before the Department considered the relevant criteria contained in 2 Code Colo.Reg. 601–1 § 3.6.3.c, and that he was never provided with a written explanation of the denial pursuant to 2 Code Colo.Reg. 601–1 § 2.4.7.

Contrary to plaintiff's contention, we conclude that these safeguards do not apply to plaintiff's application because it was not denied. Instead, the access permit was granted with a restriction as a condition of approval by the Department. As a result, it was unnecessary to issue the written explanation under the Highway Access Code.

## III.

■ The district court interpreted 2 Code Colo.Reg. 601–1 § 3.6.3.c to mean that plaintiff had to prove that "left-turn access would not cause congestion or safety-problems, *thereby* lowering the level of service." (emphasis added) Plaintiff argues that this interpretation is incorrect and that

"level of service" is a separate criterion. Plaintiff further contends that he met his burden of demonstrating that his access plan met all of the requirements for full movement access. However, even if we assume that the trial court erred in its interpretation of the Code, we conclude that the error was harmless.

Plaintiff carries the burden to establish that his application qualifies for full movement access under all three elements of 2 Code Colo.Reg. 601–1 § 3.6.3.c. The third element requires the issuing authority to determine that alternatives to left turns would cause unacceptable safety problems. 2 Code Colo.Reg. 601–1 § 3.6.3.c.(3).

▮ With reference to this requirement, plaintiff argues that Greenwood Village, as the issuing authority, must have followed the Code and determined that right turns only would cause unacceptable safety problems before it approved his application. Further, he asserts that, even if Greenwood Village failed to do so, by virtue of *State Personnel Board v. District Court*, 637 P.2d 333 (Colo.1981), the Department is estopped from presenting evidence on that issue because of the presumption of regularity which attaches to administrative acts. We conclude that Greenwood Village's approval of the permit is not binding on the Department.

The Code defines issuing authority as "the government entity which issues approach permits and includes the board of county commissioners, the governing body of a municipality, and the State Department of Highways." 2 Code Colo.Reg. 601–1 § 1.4.30. When the local authority is the issuing authority, if the access permit is granted it must be forwarded to the Department for review and approval. 2 Code Colo.Reg. 601–1 § 2.4.6.

We are unable to conclude that the Department is a mere "rubber-stamp" for access permits issued by local authorities. If Department review was not intended to address fully compliance with the Code, the review requirement would not have been included there and in the enabling legislation. *See* § 43–2–147(5)(a) C.R.S. (1984 Repl.Vol. 17); *People v. Russell*, 703 P.2d

620 (Colo.App.1985). As a result, we conclude that the Department was not precluded from addressing whether Greenwood Village properly evaluated the application.

The ALJ found that: "The evidence also demonstrates that Greenwood [Village] did not find that alternatives to a left turn, i.e. right turns only, would cause unacceptable traffic operation and safety problems on the general street system." This finding must stand unless it is demonstrated to be "unsupported by substantial evidence when the record is considered as a whole." Section 24–4–106(7) C.R.S. (1988 Repl. Vol. 10A). Substantial evidence means more than some evidence in some particulars. *Lassner v. Civil Service Commission*, 177 Colo. 257, 493 P.2d 1087 (1972).

There was evidence at the administrative hearing that, in reviewing plaintiff's application, Greenwood Village did not address the issue of whether the right turn only alternative would cause unacceptable traffic and safety problems. Conversely, neither plaintiff's nor the Department's experts testified that the right turn only alternative would cause these problems.

The ALJ was entitled to weigh this state of the evidence for its persuasive value against plaintiff's argument that the issuance of the permit alone was sufficient to establish that the right turn only plan had been found unacceptable by Greenwood Village.

▮ The weight to be given evidence is within the province of the fact finder. *Charnes v. Lobato*, 743 P.2d 27 (Colo.1987). And, an ALJ is not required specifically to reject evidence he or she finds unpersuasive. *Jefferson County Public Schools v. Dragoo*, 765 P.2d 636 (Colo.App.1988). Hence, we necessarily conclude that there is substantial record support for the finding that plaintiff failed to satisfy his burden of proof under the Code, and thus, we may not overturn that finding on review.

We have considered plaintiff's other contentions and conclude either that they lack merit or do not warrant reversal of the judgment.

Because plaintiff did not meet the burden of showing his plan met all the requirement for full movement access, we conclude that the district court was correct in affirming the ALJ's decision.

To the extent that we have jurisdiction to do so, the judgment is affirmed.

PIERCE and BRIGGS, JJ., concur.