**C BAR H, INC., a Colorado corporation, and Ashley Miller, Petitioners–Appellants and Cross–Appellees,**

v.

**BOARD OF HEALTH IN AND FOR JEFFERSON COUNTY, State of Colorado, Respondent–Appellee and Cross–Appellant.**

No. 01CA0909.

Colorado Court of Appeals, Div. III.

April 25, 2002.

Rehearing Denied June 20, 2002.

Certiorari Denied Oct. 21, 2002.

Larry F. Hobbs, P.C., Larry F. Hobbs, Lakewood, Colorado, for Petitioners–Appellants and Cross–Appellees.

Stephen W. Miller, Golden, Colorado, for Respondent–Appellee and Cross–Appellant.

Opinion by Judge ROY.

Petitioners, C Bar H, Inc. (contractor) and Ashley Miller (owner), appeal from the judgment of the district court affirming a decision of the Jefferson County Board of Health (the board) denying them Individual Sewage Disposal System (ISDS) permits to construct two sewage disposal units. We reverse and remand.

Contractor applied for permits for the installation of two on-site ISDS's on two one-acre lots with a slope greater than forty percent. Contractor was listed as the applicant on both applications without the requested disclosure of owner.

Contractor appeared on behalf of owner at a board review hearing on the two applications. Each lot was an aggregation of fourteen smaller lots of a subdivision platted in 1922, and the applicable regulations required a one-acre minimum lot size for each aggregated lot. Both applications were recommended for approval by the board's staff because they met all appropriate regulatory requirements, and they were placed on the consent agenda for final approval by the board.

One member of the board objected to both applications, and they were removed from the consent agenda for further discussion. The objecting board member questioned, inter alia, whether the lots satisfied the minimum acreage requirements, asserting that the lot sizes should be reduced by private rights-of-way that traversed them.

Ultimately, both applications were denied without any stated reason. However, in response to contractor's request for reconsideration, the board stated that the applications were denied because the lots did not meet the minimum size requirements.

Petitioners sought judicial review pursuant to § 25–1–513, C.R.S.2001. The district court affirmed.

I.

■ Because it is jurisdictional, we address the cross-appeal first. The board contends that, because the review of petitioners' applications was a quasi-judicial proceeding, petitioners' appeal is governed exclusively by C.R.C.P. 106(a)(4), that petitioners therefore failed to state a claim upon which relief could be granted, and that contractor had no standing in the trial court. We disagree.

The appropriate action for review of a quasi-judicial proceeding before an administrative body for which no procedure is otherwise provided, or for which there is no remedy at law, is pursuant to C.R.C.P. 106(a)(4). This appeal was brought pursuant to § 25–1–513, which expressly provides that any person aggrieved or affected by a decision of a board or a public health administrator may seek a review by filing an appropriate action in the district court. The Colorado Rules of Civil Procedure, including C.R.C.P. 106(a)(4), do not govern the practice and procedure in any statutory proceeding insofar as the rules are inconsistent or in conflict with an applicable statute. *See* C.R.C.P. 81(a); *see Berry Properties v. City of Commerce City,* 667 P.2d 247 (Colo.App.1983).

■ Pursuant to the statute, an action for review of the board's decision may be brought by any interested person. The language "appropriate action" in § 25–1–513 refers to a civil action brought under that statute. Because § 25–1–513, the statute under which this action was brought, provides a legal remedy, C.R.C.P. 106(a)(4) is inapplicable here. Petitioners, as owner and contractor, thus had standing to bring the action and are proper parties. For the same reasons, we reject the board's assertion that the complaint fails to state a claim because the proceedings were commenced under the statute and not the rule.

II.

The standard of review is provided by § 25–1–513. The board's decision may be reversed or modified if it prejudiced petitioners' substantial rights because it is: (1) con-

trary to constitutional rights or privileges; (2) in excess of the statutory authority or jurisdiction of the board; (3) affected by any error of law; (4) made or promulgated upon unlawful procedure; (5) unsupported by substantial evidence in view of the entire record as submitted; or (6) arbitrary or capricious.

■ Under § 25–1–513(2), C.R.S.2001, we normally would review the district court's decision, rather than the decision of the board. However, because the review in the district court was only of the transcript and exhibits presented before the board, we are in as good a position as the district court to review the record. *See Lassner v. Civil Service Commission,* 177 Colo. 257, 493 P.2d 1087 (1972).

■ Further, the question whether the district court or the board correctly interpreted the applicable regulations is a question of law, subject to de novo review. *See Sohocki v. Colorado Air Quality Control Commission,* 12 P.3d 274 (Colo.App.1999); *see also In re Estate of Moring v. Colorado Dep't of Health Care Policy & Financing,* 24 P.3d 642 (Colo.App.2001)(standard of review for statutory or regulatory construction is de novo); *In re Estate of DeWitt,* 32 P.3d 550 (Colo.App.2000)(*cert. granted* Oct. 15, 2001)(when issue on appeal concerns only legal issues, decision of trial court subject to independent de novo review); *Massachusetts Co. v. Evans,* 924 P.2d 1119 (Colo.App. 1996)(when only evidence considered was will and trust documents, court of appeals not bound by trial court's interpretation of those documents).

■ If there is a reasonable basis for the board's application of the rules or interpretation of the law, the decision may not be set aside. *See Lee v. State Board of Dental Examiners,* 654 P.2d 839 (Colo.1982); *Save Park County v. Board of County Commissioners,* 969 P.2d 711 (Colo.App.1998), *aff'd,* 990 P.2d 35 (Colo.1999).

■ We therefore review the decision of the board. Its findings must be supported by substantial evidence. Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and the evidence must

be enough to justify a refusal to direct a verdict if the trial were to a jury. *See City of Colorado Springs v. Givan,* 897 P.2d 753 (Colo.1995). Substantial evidence does not mean, as the district court concluded, the same as *any* competent evidence. *See Lassner v. Civil Service Commission, supra.*

### III.

■ The contractor and the owner contend that the board improperly determined that private rights-of-way should be subtracted from building sites in calculating lot size for purposes of ISDS permits. We agree.

Board regulation 4.2.A provides that installation of an ISDS shall be permitted only on building sites that conform to the acreage requirements set forth in an included table. The regulations define a "building site" as "a lot(s) or parcel(s) of real property that complies with applicable lot size standards as set forth in these Regulations and applicable statutes and Regulations pertaining to zoning and planning."

The zoning and planning regulations provide that private rights-of-way within a lot that are the functional equivalent of public roads shall be deducted from the lot size to determine compliance, subject to certain criteria and limitations contained in the ordinance. It is undisputed that the lots at issue satisfied the minimum size requirements for the installation of an ISDS if the private rights-of-way were included in the lot size measurement.

The issue of whether private rights-of-way must be excluded when calculating the lot size of a building site for purposes of construction of an ISDS was one of first impression before the board. The board relied on the ISDS regulation defining building sites and requiring that they comply with both the ISDS regulations and the zoning and planning regulations, which in turn require the exclusion of private rights-of-way that are essentially the equivalent of public roads from the minimum lot size calculation.

■ In our view, this reliance was misplaced. In construing a regulation, courts first look at the plain language of the regula-

tion and interpret its terms in accordance with their commonly accepted meanings. *See City of Colorado Springs v. Securcare Self Storage, Inc.*, 10 P.3d 1244 (Colo.2000); *In re Estate of Moring v. Colorado Dep't of Health Care Policy & Financing, supra.*

The definition of building sites in the ISDS regulations requires only that a lot must comply with the standards set forth in that regulation and independently comply with the applicable zoning and planning statutes and regulations. The regulation defining building sites does not authorize the board to use the zoning and planning regulations to determine lot size for ISDS purposes.

While both regulatory schemes concern spacing, the zoning regulations address different concerns and serve different purposes than do the ISDS regulations. What may be a reasonable regulation for one purpose is not necessarily reasonable for another. The board here had no authority to import and rely upon the zoning and planning regulations. The minimum lot size for zoning and planning, apparently 6250 square feet, is considerably smaller than the one-acre requirement for ISDS, and therefore eliminating rights-of-way from the computation of lot size may well be appropriate in a zoning context.

The board relies, in part, on *Lidke v. Martin*, 31 Colo.App. 40, 500 P.2d 1184 (1972), to support its use of the zoning and planning regulations to exclude private rights-of-way in calculating acreage. In our view, that case is inapposite. There, subdivision restrictive covenants limited the use of the lots to single family dwellings. A developer had some subdivision lots rezoned to permit multi-family dwellings. The restrictive covenants provided that they were to be construed in a manner so as not to conflict with the county zoning ordinances and incorporated by reference the present and future ordinances. Developer there argued that under the rule of construction contained in the covenants and by virtue of the incorporation of the zoning ordinances, his rezoned lots could be used for multi-family dwellings. A division of this court disagreed, holding that the covenants must be read as a whole and that to interpret them as urged by the developer would render the covenants meaningless and permit their circumvention.

In our view, the case is of no assistance to the board. There, an incorporation by reference did not amend or supplement the covenants. Here, there is no incorporation by reference, merely a requirement that the lot conform to both the zoning and the health regulations.

Under these circumstances, a provision in one regulatory scheme requiring compliance with another does not, without more, incorporate the standards and criteria of the other. The board's application of the zoning regulation criteria to calculate lot size for ISDS or sanitation purposes was arbitrary and capricious.

Accordingly, the judgment of the district court is reversed, and the case is remanded for further proceedings by the board consistent with the views expressed in this opinion.

Judge NEY and Judge DAILEY concur.